IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-00387-GPG

DARLENE GRIFFITH,

    Plaintiff,

v.

BILL ELDER, El Paso County Sheriff,
PETE CAREY, E.P.C., Under Sheriff,
ANDREW PREHM, E.P.C., Chief,
CY GILLESPIE, E.P.C., Commander,
ERIC CARNELL, El Paso County Lieutenant,
CYNTHIA AYUAD, El Paso County Sgt.,
AARON ERNHEART, El Paso County Sgt.,
MR. DRAPER, El Paso County Deputy,
MR. PETERSON, El Paso County Deputy,
MR. MUSTAPICK, El Paso County Deputy,
MR. STIRLING, El Paso County Deputy, and
MR. BRADBURY, El Paso County Deputy,

    Defendants.

**ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT**

Plaintiff, Darlene Griffith, is in the custody of the El Paso County Criminal Justice Center in Colorado Springs, Colorado. On February 8, 2021, Plaintiff initiated this action by filing *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1). Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (ECF No. 5).

The Court reviews the Prisoner Complaint liberally because the Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.*

1

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons discussed below, Plaintiff will be directed to file an Amended Prisoner Complaint.

**I.      The Prisoner Complaint**

According to Plaintiff, she is "legally classified and designated transgender pre-opp [sic] male to female" and has been "clinically diagnosed with gender dysphoria for over twenty (28) years." (ECF No. 1 at 10).  Plaintiff alleges that Defendants have violated her constitutional rights by "discriminating against her on the basis of gender identity," "being deliberately indifferent to Plaintiff's serious medical needs by failing to provide adequate treatment for transgender dysphoria," and "failing to protect Plaintiff from sexual harassment and subjecting her to unreasonable searches as well as impermissible strip searches by male deputies." (*Id.* at 4).

In support, Plaintiff alleges the following:

- On July 20, 2020, she was arrested and transferred to the El Paso County Criminal Justice Center where a female officer performed the search of Plaintiff's top half and a male officer performed the search of Plaintiff's bottom half.  She further alleges that the male officer used abusive and vulgar language.  (ECF No. 1 at 11-12).

- On August 8, 2020, Defendant Draper subjected Plaintiff to a "non-routine patdown search," fondled her breasts, and "slammed his hand into Ms. Griffith's crotch."  (*Id.* at 13).

- On September 20, 2020, Defendants Ayuad and Ernheart questioned Plaintiff as to why she was wearing only a bra and not a t-shirt.  (*Id.* at 14).

- In October 2020, Defendant Carnell provided Plaintiff with a sports bra but stated that "this is the only type of female garments you will ever receive. You will not receive panties, due to fact you do not need to hold female hygiene products down there."  (*Id.* at 16).

- On October 29, 2020, Plaintiff filed a kite requesting to be housed in a female ward in accordance with her transgender status. (*Id.* at 17). The grievance was denied. (*Id.* at 18).

- On December 9, 2020, Plaintiff filed another grievance complaining that prison staff referred to her as a male inmate and again requesting to be transferred to a female ward. (*Id.* at 18). Her request was denied. (*Id.* at 18-19).

- On January 12, 2021, Defendant Stirling referred to Plaintiff as "sir."

- On January 21, 2021, Defendant Bradbury ordered Plaintiff to wear her sports bra and orange shirt because "that shirt your wearing is so revealing." (*Id.* at 20).

Based on these allegations, Plaintiff asserts an (1) Eighth Amendment deliberate indifference claim; (2) Fourteenth Amendment equal protection claim; and (3) Fourth Amendment unreasonable search claim. (*Id.* at 21). Plaintiff sues Defendants Elder, Carey, Prehm, and Gillespie for failing to "supervise and train [ ] staff." (*Id.* at 9-10). Plaintiff sues Defendants Carnell, Ayuad, Ernheart, Draper, Peterson, Mustapick, Stirling, and Bradbury for their alleged involvement in "isolated incidents." (*Id.* at 9). For relief, Plaintiff seeks declaratory and injunctive relief as well as damages. (*Id.* at 22).

## II.   Analysis

### A.   Personal Participation

The Prisoner Complaint does not allege specific facts to show how each named Defendant personally participated in the alleged deprivation of Plaintiff's constitutional rights. Factual allegations of "personal participation in the specific constitutional violation complained of [are] essential" to impose liability under § 1983. *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011); *see also Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997) ("Individual liability . . . must be based on personal involvement in

the alleged constitutional violation."). To establish personal participation, Plaintiff must show that each individual defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each individual defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). Supervisory officials may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Instead,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677). Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, Plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id.* at 1199.

Plaintiff's vague and conclusory allegations that Defendants Elder, Carey, Prehm, and Gillespie failed to train and supervise prison staff are insufficient. Vague and conclusory allegations that his federal constitutional rights have been violated do not entitle a *pro se* pleader to a day in court regardless of how liberally the court

4

construes such pleadings. *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992). "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110.

Moreover, an individual may not be held liable under § 1983 on the basis that they denied Plaintiff's grievances. The "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009); *see also Whitington v. Ortiz*, F. App'x 179, 193 (10th Cir. 2009) (unpublished) (stating that "the denial of the grievances alone is insufficient to establish personal participation in the alleged constitutional violations.") (internal quotation marks and citation omitted); *Davis v. Ark. Valley Corr. Facility*, 99 F. App'x 838, 843 (10th Cir. 2004) (unpublished) (sending "correspondence [to high-ranking prison official] outlining [a] complaint . . . without more, does not sufficiently implicate the [supervisory official] under § 1983").

### B.  Fourth Amendment

In regard to Plaintiff's Fourth Amendment claim regarding impermissible strip searches, the Supreme Court has held that "[a] right of privacy in traditional Fourth Amendment terms is fundamentally incompatible with the close and continual surveillance of inmates and their cells required to ensure institutional security and internal order." *Hudson v. Palmer*, 468 U.S. 517, 527-28 (1984). However, a prisoner retains a limited right under the Fourth and Fourteenth Amendments to bodily privacy.

*Michenfelder v. Sumner,* 860 F.2d 328, 333 (9th Cir. 1988).  Courts have considered bodily privacy issues for prisoners being viewed naked by members of the opposite sex and being strip searched in view of other prisoners or guards.  The determination of the constitutionality of a strip search "requires a balancing of the need for the particular search against the invasion of personal rights that the search entails.  Courts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted."  *Farmer v. Perrill*, 288 F.3d 1254, 1259-60 (10th Cir. 2002) (explaining that prisoners retain "the right not to be subjected to a humiliating strip search in full view of several (or perhaps many) others *unless the procedure is reasonably related to a legitimate penological interest.*").  *See also Hayes v. Marriott*, 70 F.3d 1144, 1146-47 (10th Cir. 1995) (recognizing that prisoners "retain a limited constitutional right to bodily privacy, *particularly* as to searches viewed or conducted by members of the opposite sex," and rejecting district court's conclusion that a "'single or minimal viewing' of a prisoner by prison officials of the opposite sex is insufficient as a matter of law to constitute a Fourth Amendment violation.")).

If Plaintiff intends to pursue a Fourth Amendment claim against unknown defendants, she must identify these individuals as named defendant in the caption of the pleading.  She may use fictitious names, such as "John Doe" or "Jane Doe," if she does not know the real names of the individual(s) who allegedly violated her federal rights.  However, she still must provide sufficient information about each John Doe or Jane Doe so that the individual can be identified for service.  *See Roper v. Grayson*, 81

F.3d 124, 126 (10th Cir. 1996).  Sufficient information may include the date and time of the alleged violation, the job description of the defendant, and exactly what actions the defendant took.

### C.     Eighth Amendment

Plaintiff also asserts an Eighth Amendment claim against Defendants for "being deliberately indifferent to her serious medical needs by failing to provide adequate treatment for gender dysphoria."  Plaintiff, however, provides no factual allegations regarding any requests for medical care or treatment in connection with her gender dysphoria.  She also does not allege any facts regarding prescribed medical treatment by a medical professional.

Construing the allegations liberally, she may be attempting to assert an Eighth Amendment claim based on a failure to protect theory.  To prevail on this claim, a prisoner must show "that he is incarcerated under conditions posing a substantial risk of serious harm," and that prison officials acted with "deliberate indifference to inmate health or safety . . . ."  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  "Deliberate indifference" means that the prison official knew of and disregarded an excessive risk to prisoner health or safety.  *Id.* at 837.  Verbal abuse, however, generally does not implicate the Eighth Amendment.  *See Northington v. Jackson*, 973 F.2d 1518, 1524 (10th Cir.1992) (recognizing that verbal threats and harassment are not actionable under the Eighth Amendment); *see also Alvarez v. Gonzales*, 155 F. App'x 393, 396 (10th Cir. 2005) ("Mere verbal threats or harassment do not rise to the level of a constitutional violation unless they create 'terror of instant and unexpected death.'").

"[V]erbal sexual harassment", without a physical component, does not constitute a cognizable claim for relief under the Eighth Amendment. *Adkins v. Rodriguez*, 59 F.3d 1034, 1036-37 (10th Cir. 1995).

Plaintiff's vague and conclusory allegation that she is "being harassed with a sports bra and with the daily risk of being sexually assaulted" does not amount to a constitutional violation.

### D.     Fourteenth Amendment

Plaintiff also asserts a Fourteenth Amendment equal protection claim. The Equal Protection Clause requires the government to treat similarly situated persons alike. *City of Cleburne, Tex. v. Cleburne Living Center*, 473 U.S. 432, 439 (1985). Unequal treatment that does not involve a fundamental right or suspect classification is justified if it bears a rational relation to legitimate penal interest. *Id.* at 439-40. Plaintiff's claim that she was discriminated against because she is a transgender (male-to-female) inmate does not implicate a fundamental right or suspect classification. *See Etsitty v. Utah Transit Auth.,* 502 F.3d 1215, 1227–28 (10th Cir. 2007) (denying suspect-classification equal-protection employment rights for transgendered employees).

Again, Plaintiff's vague and conclusory allegations are insufficient. *See e.g., Brown v. Zavaras*, 63 F.3d 967, 972 (10th Cir. 1995) (affirming the dismissal of an equal protection claim alleging the denial of estrogen treatment to a transsexual prisoner based on plaintiff's conclusory allegations that some prisoners are given hormones and others are not). If Plaintiff intends to pursue an equal protection claim, she must allege specific facts in the amended pleading to show that the decision regarding offender

clothing and dress code is not rationally related to a legitimate penological interest.

Accordingly, it is

ORDERED that Plaintiff file, **within thirty (30) days from the date of this order**, an Amended Prisoner Complaint that complies with the directives in this Order. It is

FURTHER ORDERED that Plaintiff shall obtain the court-approved Prisoner Complaint form (with the assistance of her case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Plaintiff fails to file an amended complaint that complies with this order within the time allowed, some or all of this action may be dismissed without further notice based on the allegations of the original Prisoner Complaint.

DATED February 11, 2021.

BY THE COURT:

_____
Gordon P. Gallagher
United States Magistrate Judge