IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-00387-LTB-GPG

DARLENE GRIFFITH,

    Plaintiff,

v.

JANE DOE (DEPUTY),
JOHN DOE (DEPUTY),
ERIC CARNELL (LIEUTENANT),
CYNTHIA AYAD (SGT.),
CY GILLESPIE (COMMANDER FOR INMATE CLASS),
LIZ O'NEAL (MANAGE FOR INMATE CLASS),
AARON EARNHEART (SGT.),
JOHN DOE (SGT. FOR INTAKE),
MR. DRAPPER (DEPUTY),
MS. K FORRELL (PREA INVESTIGATOR),
MR. STERLING (DEPUTY),
MR. FRANCS (DEPUTY),
MS. MOTTA (DEPUTY),
MS. BRADBERRY (DEPUTY), and
MS. JAMES (DEPUTY),

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court on the Amended Prisoner Complaint filed *pro se* by Plaintiff on March 4, 2021 (ECF No. 9). The matter has been referred to this Magistrate Judge for recommendation (ECF No. 11)[1]. Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (ECF No. 5).

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written

1

The Court has considered the entire case file, the applicable law, and is sufficiently advised in the premises. This Magistrate Judge respectfully recommends that the Amended Prisoner Complaint (ECF No. 9) be dismissed in part and the remaining claims be drawn to a presiding judge.

## I.      Background

Plaintiff is a pretrial detainee at the El Paso County Criminal Justice Center in Colorado Springs, Colorado. In response to the Court's Order Directing Plaintiff to File Amended Complaint (ECF No. 6), Plaintiff submitted an Amended Prisoner Complaint (ECF No. 9).

According to Plaintiff, she is a "transgender, male-female pre-opp" on "a hormone regiman [sic] for over 20 years" and previously has been housed in the Denver Women's Correctional Facility as the first "transgender in the United States to ever be placed in a women's prison and not have the vaginoplasty surgery done." (*Id.* at 8, 12). In the Amended Complaint, Plaintiff is challenging her detainment in the "80 male (man) ward" at El Paso County Criminal Justice Center from July 20, 2020 until February 17, 2021." (*Id.* at 10). Plaintiff asserts claims pursuant to 42 U.S.C. § 1983 against fifteen El Paso County Criminal Justice Center employees sued in their individual and official capacities, and she seeks declaratory relief as well as damages. (*Id.* at 3-7, 22)

---

objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

## II. The Amended Prisoner Complaint

Plaintiff's allegations include multiple events that have occurred over the past seven months. For clarity, the Court has grouped Plaintiff's allegations by the alleged type of incident.

- **Improper Strip Searches and Pat Downs**

Upon her arrival at the El Paso Criminal Justice Center on July 20, 2020, Defendants Jane Doe and John Doe, a female and male deputy, subjected Plaintiff to a cross-gender strip search. (*Id.* at 8). She asked the female deputy why the male deputy was present and whether he was going to perform the search. (*Id.*). Plaintiff alleges that the female deputy responded by staying "you're still a male in our system," and the facility's policy requires a member of the same sex to perform the strip search. (*Id.*). Plaintiff states that after the female deputy performed a search on Plaintiff's top half and gave Plaintiff a sports bra, the female deputy then left the room. (*Id.* at 9). Plaintiff contends that the male deputy instructed Plaintiff to remove her pants and panties and commanded her to "spread your sexy cheeks" while also stating "I'm going to go balls deep in that ass." (*Id.*). Finally, Plaintiff alleges that the male deputy threatened her with physical violence if she told anyone what happened. (*Id.*).

On August 8, 2020, Plaintiff asserts that Defendant Drapper "aggressively and inappropriately subjected Plaintiff to a non-routine pat down search." (*Id.* at 10). She states that he grabbed and fondled her breasts and "slammed his hand into [Plaintiff's] crotch." (*Id.*). Plaintiff alleges that she filed a PREA complaint but her grievance was rejected as "not constitut[ing] a PREA complaint" and "deputies are trained in how to do pat downs. You will be pat searched when necessary." (*Id.* at 11).

3

- **Harassment and Discrimination**

Plaintiff next asserts that because she was housed in an all-male ward, she has been subjected to harassment and discrimination based on her gender identity and physical appearance. (*Id.* at 12). She specifically alleges that:

- o she has been referred to as a "sir" and has not been recognized as a female by Defendant Stirling and other unnamed deputies;

- o her request to purchase female undergarments was denied, and Defendant Carnell informed her that she would receive a sports bra but would "not receive panties, due to fact you do not need to hold female hygiene products down there;"

- o Defendants Francs, Auyad, and Ernheart questioned her about not wearing a t-shirt and only wearing a bra;

- o her requests to be housed in a female ward were denied after the facility determined that her current housing complied with the facility's policies and PREA standards; and

- o Defendant Bradbury ordered Plaintiff to wear her orange t-shirt and sports bra because "that shirt you're wearing is so revealing;"

(*Id.* at 12-19).

### III. Standard of Review

The Court construes Plaintiff's filings liberally because she is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *Hall*, 935 F.2d at 1110.

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief,

and (3) a demand for the relief sought." *Id.* The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.

A plaintiff's vague and conclusory allegations that her rights have been violated do not entitle her to a day in court regardless of how liberally the court construes her *pro se* pleadings. *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992). "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110. Neither the court nor the defendant is required to guess to determine what claims are being asserted and what specific factual allegations support those claims.

To comply with Rule 8, a plaintiff must allege, in a clear, concise, and organized manner, what each named defendant did to him or her, when the defendant did it, how the defendant's action harmed him or her, what specific legal right he or she believes the defendant violated, and what specific relief he or she requests. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (citations omitted).

### IV. Analysis

#### A. Claims Against Defendants Jane Doe (Deputy), John Doe (Deputy), and Drapper (Deputy)

The Court will not address Plaintiff's claims involving the alleged cross-gender (1) strip search against Defendants Jane Doe (Deputy) and John Doe (Deputy), and (2) pat down against Defendant Drapper (Deputy) at this time. Instead, the claims will be drawn to a presiding judge and, if applicable, a magistrate judge.

### B. Claims Against Remaining Defendants

In the Amended Prisoner Complaint, Plaintiff alleges that Defendants violated her constitutional rights by failing to properly respond to her grievances and discriminating against her on the basis of gender identity.

Plaintiff's allegation that her PREA complaint and numerous grievances were denied does not, by itself, sufficiently assert a constitutional or federal rights violation. *See Coit v. Zavaras*, 173 F. Supp. 3d 1199, 1213–14 (D. Colo. 2016), *aff'd,* 675 F. App'x 841 (10th Cir. 2017) (holding that even if defendant should have done more in the course of his investigation as to the sexual assault of an inmate, there was no evidence that Defendant knew the inmate faced a substantial risk of harm, so he did not act with deliberate indifference); *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (holding that the denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983*); Whitington v. Ortiz*, F. App'x 179, 193 (10th Cir. 2009) (unpublished) (stating that "the denial of the grievances alone is insufficient to establish personal participation in the alleged constitutional violations.") (internal quotation marks and citation omitted); *Davis v. Ark. Valley Corr. Facility*, 99 F. App'x 838, 843 (10th Cir. 2004) (unpublished) (sending "correspondence [to high-ranking prison official] outlining [a] complaint . . . without more, does not sufficiently implicate the [supervisory official] under § 1983"). In short, Plaintiff's allegations fail to demonstrate that Defendants had sufficiently culpable states of mind or believed that their actions (or inactions) would result in a serious risk of harm to the Plaintiff.

Moreover, "[t]he Fourteenth Amendment guarantee of equal protection 'is essentially a direction that all persons similarly situated should be treated alike.'" *Straley*

6

*v. Utah Bd. of Pardons*, 582 F.3d 1208, 1215 (10th Cir. 2009) (quoting *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985)). But the Equal Protection Clause "doesn't guarantee equal results for all, or suggest that the law may never draw distinctions between persons in meaningful dissimilar situations." *SECSYS, LLC v. Vigil*, 666 F.3d 678, 684 (10th Cir. 2012). Rather, "[i]t seeks to ensure that any classifications the law makes are made 'without respect to persons,' that like cases are treated alike, [and] that those who 'appear similarly situated' are not treated differently without, at the very least, a rational reason for the difference.'" *Id.* at 684-85 (quoting *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 602 (2008)). A plaintiff can assert an equal-protection claim either under the "traditional" theory of a class-based claim or under a "class-of-one theory." *See id.* at 685-690 (discussing both theories). Under either theory though, the plaintiff must allege, and ultimately show, (1) intentional discrimination by a state actor and (2) that there is no legitimate governmental purpose for the dissimilar treatment. *Id.* at 688-89.

Plaintiff's allegations relevant to her equal protection claim are that Defendants have discriminated against her because she identifies as female, has female breasts, wishes to wear female undergarments, and desires placement in a female dorm. Plaintiff fails to "allege facts to show that an otherwise similarly situated person was treated differently than [s]he was." *Brown v. Montoya,* 662 F.3d 1152, 1173 (10th Cir. 2011). She also fails to allege that there is not a legitimate government purpose for any alleged dissimilar treatment. *SECSY,* 666F. 3d at 684. None of Plaintiff's allegations plausibly suggests that other inmates like Plaintiff—namely, inmates who were identified as male at birth, who identify as female, who have female breasts, and who are detained at an all-male dorm—are provided female undergarments, are not housed in

all-male dorms, or are questioned about their clothing. Absent allegations that Plaintiff has been treated differently than inmates who are similarly situated in all material respects, she fails to state a plausible equal protection claim against any defendants. *See e.g., Porter v. Crow, et al.,* No. 18-cv-0472-JED-FHM, 2020 WL 620284, at *7-8 (N.D. Okla. Feb. 10, 2020) (unpublished).

Therefore, I recommend that Plaintiff's equal protection claims against the remaining Defendants be dismissed without prejudice for failure to comply with Rule 8.

**V.   Recommendation**

For the reasons set forth herein, this Magistrate Judge respectfully

RECOMMENDS that the claims in the Amended Prisoner Complaint (ECF No. 9) asserted Defendants ERIC CARNELL (LIEUTENANT), CYNTHIA AYAD (SGT.), CY GILLESPIE (COMMANDER FOR INMATE CLASS), LIZ O'NEAL (MANAGE FOR INMATE CLASS), AARON EARNHEART (SGT.), JOHN DOE (SGT. FOR INTAKE), MS. K FORRELL (PREA INVESTIGATOR), MR. STERLING (DEPUTY), MR. FRANCS (DEPUTY), MS. MOTTA (DEPUTY), MS. BRADBERRY (DEPUTY), and MS. JAMES (DEPUTY) be **dismissed without prejudice** for failure to comply with the pleading requirements of Rule 8 and that these Defendants be dismissed as parties to this action. It is

FURTHER RECOMMENDED that the claims in the Amended Prisoner Complaint (ECF No. 9) asserted against Defendants Jane Doe (Deputy), John Doe (Deputy), and Drapper (Deputy) be drawn to a presiding judge and, if applicable, a magistrate judge.

DATED March 12, 2021

BY THE COURT:

Gordon P. Gallagher
United States Magistrate Judge