IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-00387-LTB-GPG

DARLENE GRIFFITH,

    Plaintiff,

v.

JANE DOE (DEPUTY),
JOHN DOE (DEPUTY),
ERIC CARNELL (LIEUTENANT),
CYNTHIA AYAD (SGT.),
CY GILLESPIE (COMMANDER FOR INMATE CLASS),
LIZ O'NEAL (MANAGE FOR INMATE CLASS),
AARON EARNHEART (SGT.),
JOHN DOE (SGT. FOR INTAKE),
MR. DRAPPER (DEPUTY),
MS. K FORRELL (PREA INVESTIGATOR),
MR. STERLING (DEPUTY),
MR. FRANCS (DEPUTY),
MS. MOTTA (DEPUTY),
MS. BRADBERRY (DEPUTY), and
MS. JAMES (DEPUTY),

    Defendants.

## ORDER

This matter is before the Court on Plaintiff's "Motion for Emergency Preliminary Injunction and Permanent Injunctive Relief" (ECF No. 13) and "Motion to Make this Action Class Action to Similarly Situated Person(s)" (ECF No. 14). For the reasons below, both motions will be denied.

The Court must construe the filings liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*,

1

935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

## I.  BACKGROUND

The Amended Prisoner Complaint filed on March 4, 2021 is the operative pleading in this matter. (*See* ECF No. 9). Plaintiff, a pretrial detainee, brings this action under 42 U.S.C. § 1983 against the fifteen defendants in their individual and official capacities. (*Id.* at 3-7). She seeks declaratory relief as well as damages. (*Id.* at 22). According to Plaintiff, she is a "transgender, male-female pre-opp" on "a hormone regiman [sic] for over 20 years" and previously has been housed in the Denver Women's Correctional Facility as the first "transgender in the United States to ever be placed in a women's prison and not have the vaginoplasty surgery done." (*Id.* at 8, 12). In the Amended Complaint, Plaintiff is challenging her detainment in the "80 male (man) ward" at El Paso County Criminal Justice Center from July 20, 2020 until February 17, 2021." (*Id.* at 10). Her allegations involve improper strip searches and pat downs that have occurred over the past seven months. (*Id.* at 8-11). Plaintiff also asserts that she has been subjected to harassment and discrimination based on her gender identity and physical appearance. (*Id.* at 12-19).

On March 12, 2021, Magistrate Judge Gordon P. Gallagher entered a Recommendation of United States Magistrate Judge (ECF No. 12) recommending that the claims asserted against Defendants ERIC CARNELL (LIEUTENANT), CYNTHIA AYAD (SGT.), CY GILLESPIE (COMMANDER FOR INMATE CLASS), LIZ O'NEAL (MANAGE FOR INMATE CLASS), AARON EARNHEART (SGT.), JOHN DOE (SGT.

FOR INTAKE), MS. K FORRELL (PREA INVESTIGATOR), MR. STERLING (DEPUTY), MR. FRANCS (DEPUTY), MS. MOTTA (DEPUTY), MS. BRADBERRY (DEPUTY), and MS. JAMES (DEPUTY) be dismissed without prejudice for failure to comply with the pleading requirements of Rule 8, and that these Defendants be dismissed as parties to this action. He further recommends that the claims asserted against Defendants JANE DOE (DEPUTY), JOHN DOE (DEPUTY), and DRAPPER (DEPUTY) be drawn to a presiding judge. Rather than submit written objections to the Recommendation, on March 24, 2021, Plaintiff filed a "Motion for Emergency Preliminary Injunction and Permanent Injunctive Relief" (ECF No. 13) and "Motion to Make this Action Class Action to Similarly Situated Person(s)" (ECF No. 14). The Court will now turn to the motions.

## II.   DISCUSSION

### A.  Class Certification

Plaintiff requests certification of a class action and to add Ellis Heath (Lavender Heath) as a plaintiff because she is "similarly situated as to all the civil violations in this suit." (ECF No. 14 at 1).

A prerequisite for class action certification is a finding that the representative party can "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Because Plaintiff proceeds without an attorney, she may represent only herself in this action and may not raise claims on behalf of anyone else or represent anyone else. 28 U.S.C. § 1654 (a *pro se* litigant may not represent another *pro se* litigant in federal court); *see also Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel,

3

but not the claims of others.") (citing 28 U.S.C. § 1654); *see also* 7A Wright & Miller, Federal Practice and Procedure: Civil § 1769.1 (citing cases for rule that "class representatives cannot appear *pro se*"). A *pro se* litigant's competence as a layperson is too limited to protect the rights of others. *See id.*

Thus, the Court finds class certification inappropriate and will deny the motion.

### B.  Injunctive Relief

Plaintiff also requests an emergency preliminary injunction that would require the El Paso County Criminal Justice Center to allow her "access to law library, or access to legal forms." (ECF No. 13 at 1). She states that she had law library access from January 2021 until March 2021, but that the "legal assistant is now denying access to law library and legal forms." (*Id.* at 2-3).

A preliminary injunction is considered an "extraordinary remedy" and the movant must demonstrate a "clear and unequivocal right" in order to have a request granted. *Greater Yellowstone Coalition v. Flowers*, 321 F.3d 1250 (10th Cir. 2003); *Flood v. ClearOne Commc' ns, Inc.*, 618 F.3d 1110, 1117 (10th Cir. 2010). To meet this burden, a party seeking a preliminary injunction must show: (1) a likelihood of success on the merits, (2) a threat of irreparable harm, which (3) outweighs any harm to the non-moving party, and that (4) the injunction would not adversely affect the public interest. *See, e.g., Awad v. Ziriax*, 670 F.3d 1111, 1125 (10th Cir. 2012).

If the injunction will (1) alter the status quo, (2) mandate action by the defendant, or (3) afford the movant all the relief that it could recover at the conclusion of a full trial on the merits, the Tenth Circuit has held the movant must meet a heightened burden. *See O Centro Espirita Beneficiente Uniao do Vegetal v. Ashcroft*, 389 F.3d 973, 975

4

(10th Cir. 2004) (*en banc*). Under those circumstances, the proposed injunction "must be more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course" and "a party seeking such an injunction must make a strong showing both with regard to the likelihood of success on the merits and with regard to the balance of harms." *Id.*

Here, Plaintiff seeks an injunction, which would alter the status quo and require an affirmative act by Defendants. Therefore, Plaintiff must meet the heightened burden, including a "strong showing" of likelihood of success on the merits. *See id.* Plaintiff has not made that showing.

First, Plaintiff does not assert a claim for denial of access to the courts in the Amended Prisoner Complaint. Further, Plaintiff has failed to establish that she will suffer irreparable injury unless the injunction issues. "[A] showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004). "To constitute irreparable harm, an injury must be certain, great, actual and not theoretical." *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (internal quotation marks omitted). Furthermore, a party seeking preliminary injunctive relief "must show that the injury complained of is of such *imminence* that there is a clear and present need for equitable relief to prevent irreparable harm." *Id.* at 1189. A preliminary injunction is only appropriate "to prevent existing or presently threatening injuries. One will not be granted against something merely feared as liable to occur at some indefinite time in the future." *Connecticut v. Massachusetts*, 282 U.S. 660, 674 (1931).

In this case, Plaintiff fails to demonstrate, clearly and unequivocally, that she is entitled to a preliminary injunction. As set forth in the Recommendation, many of Plaintiff's claims are insufficient to meet the heightened burden to show a strong likelihood of success on the merits. Finally, she fails to allege specific facts that demonstrate she will suffer irreparable injury if preliminary injunctive relief is not granted.

As such, the Court will deny the motion.

### III. CONCLUSION

Accordingly, it is

ORDERED that Plaintiff's "Motion for Emergency Preliminary Injunction and Permanent Injunctive Relief" (ECF No. 13) and "Motion to Make this Action Class Action to Similarly Situated Person(s)" (ECF No. 14) are DENIED. It is

FURHTER ORDERED that Plaintiff shall have **14 days from the date of this order** to file any written objections to the Recommendation of United States Magistrate Judge (ECF No. 12).

DATED at Denver, Colorado, this  29th  day of    March    , 2021.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge
United States District Court