IN THE UNITED STATES DISTRICT COURT
For THE DISTRICT of colorado

CASE NO:

Darlene Griffith,

V.

JANE Doe,
John Doe
mr. Drapper

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG - 9 2021

JEFFREY P. COLWELL
CLERK

---

OPOSSISSion to Defendant(s) motion to
Dismiss.

---

Plaintiff Does not fail to show
"JANE Doe's" personal participation.

Plaintiff Darlene Griffith WAS At
first Arrested on A petty Traffic offense,
Her I'D States Female see exhibit #1.
officers of the Law Have to follow rules
pertaining to them Even "Sheriff's."

A colorado statutes states the same.

C. R. S. 16-3-405

1). No person Arrested for A traffic or
petty offense shall be strip searched, prior
to Arraignment, unless there is Reasonable
belief that the Individual is Concealing A
Weapon

3). A strip search that IS conducted shall
be Performed by A person of the same sex
As the Arrested Person, And on A premises
were the search cannot be observed by persons
Not physically conducting the search.

Plaintiff was Arrested As A Female.

(holding that convicted "Prisoners retain A
limited constitutional Right to Bodily privacy
particularly As to searches viewed or conducted
by members of the opposite sex.")
moore V. Atherton, 28 F. Appx 803, 806 (10ᵀᴴ cir, 2001)
(Quoting Hayes V. Marriott, 70 F.3d 1144, 1146 (10ᵀᴴ cir. 1995).

Plaintiff states, "The strip search should not
of been done by A male and female both present."

("[A] prisoner's right to privacy may be violated by a single search.") Hays, 70 F.3d At 1147 §
See Also Porter V. Crow 2020 U.S. Dist. Lexis 22561

The Strip Search by Both Jane's John Doe was unconstitutional because It was not Justified, Why A. male and Female was present Plus why was the plaintiff Searched At All If She was only Arrested At the time of Arrest For A "minor Traffic" Infraction.

The policy the Jail Holds For Strip Searches or pat down Is unconstitutional. See Chapman V. Nichols, 989 F. 2d 393 (10th cir 1993).

The Elpaso county criminal Justice Center policy 702 Reads spicifically: EPSO's Strip search policy Requires A member of the Same sex to Perform the Strip Search. 702 (IV) (N) (4) (c).

In byrd V. Maricopa County Sherriff's Dep't. 629 F.3d 1135 (9th cir), cert. denied, 563 U.S. 1033, 131 S. Ct 2964, 180 L. Ed. 2d 246 (2011).
Supreme court. Held. (Cross-gender strip searches of pretrial detainee was unreasonable as a matter of Law where pre trial Detainee was searched in Non-emergency situation by female cadet.)

The Tenth cir. has held that a strip search is an invasion of personal rights under the Fourth Amendment. Champman V. Nichols, 989, F.2D 393, 396 (10TH cir).

There is no policy for Transgenders Inmates at all in the entire Jail policy. Even for mental Health there is no policy for Transgender care. The Elpaso criminal Justice Center, has a blanket policy for strip searches and patdowns.

The female officers statement of, "per sargents orders both of us must be present on this strip out." is unconstitutional. So Jane Doe did personally participate, when she told plaintiff to strip her "top" half, and the male deputy was still present, watching.

~~Eoe~~ For these statement(s) and foregoing case laws, and reasons, the Defendant(s) Jane Doe and John Doe, should not get granted their motion to Dismiss.

Plaintiff Does state several
Plausible Constitutional
violation's

Plaintiff Did not "falsely Allege Deputy
Draper, groping / cupping Plaintiff(s) Breasts, As
Defendants Attorney states. there is camra/video
footage that was brought up. Were It shows "Draper')
Cupping Plaintiff(s) breasts. After the Fact she
stated she was "Female", see prea- Report.
Exhibit (2); see Also, Herrera v. Santa fe pub. schs.
792 F. supp. 2d at 200 (i) ₰ A violation of the fourth
Amendment of the Constitution of the United states
"standing Alone" constitutes Irreparable Injury;
(ii) suspionless pat-down searches Involving"
touching of student's bodies," Including "cupping
And shakeing girls breasts," were unreasonably
And unconstitutionally Intrusive.)

# <u>Defendant(s) Qualified Immunity</u>

"[P]ublic officials enjoy qualified Immunity in civil Actions that are brought Against them in their Individual capacities And that Arise out of the performance of their Duties." Dahls v. Thomas, 718 F. 3d 1210, @ 1227. (10th Cir. 2013)

To overcome an Assertion of qualified Immunity At the motion-to-Dismiss stage, "the plaintiff must Allege sufficient facts to Show - when taken As true - the defendant Plausibly violated [Her] constitutional rights which were clearly established at the time of violation." Schwartz v. Booker, 702 F. 3d 573,579 10th Cir, 2012). IF A plaintiff meets her burden to Allege A plausible Constitutional violation" [the Dispositive Question is 'whether the violative Nature of [the defendants] particular conduct Is clearly established." Mullenix v. Luna, 136 S. Ct. 305, 308, 193 L. Ed. 2d 255 (2015); (quoting Ashcroft v. Al-Kidd, 563 U.S. 731, 742, 131 S. ct. 2074, 179 L. Ed. 2d 1149 (2011).

"A plaintiff may show clearly established Law by pointing to either A supreme curt or tenth circuit decision, or the weight of Authority from other curts, existing At the

time of the Alleged violation." T. D. V.
Patton, 868 F.3d 1209, 1220 (10TH cir 2017).
The Plaintiff Need Not point to "A case
Directly on point, but existing precedent must
have placed the statutory of constitutional
Question beyond debate." Mullenix 136 S.Ct.
At 308 (Quoting Al-Kidd, 563 U.S. At 741.)

    And Because " Qualified Immunity Protects
All but the plainly Incompetent or those who
Knowingly Violate the Law." the Supreme court
has repeatedly told courts..... Not to Define
clearly established Law At A high level of
generality." ID. (first Quoting Malley V.
Briggs, 475 U.S. 335, 341, 106. S.Ct. 1092, 89 L.Ed.
2d 271 (1986). (Then Quoting At-Kidd, 563 U.S.
At 742).

    Notably, while courts will consider
Qualified Immunity At the Dismissal
stage," Qualified Immunity Defenses Are
typically resolved At the Summary Judgment
Stage." Thomas V. Kaven, 765 F.3d 1183, 1194
(10TH cir. 2014). Asserting Qualified immunity
At the Dismissal stage subjects the Defendants
rAising It" to A more Challenging standard
of foo Review then Would Apply on Summary
Judgment." ID. (Quoting Peterson V. Jensen, 371
    F.3d 1199, 1201 (10TH cir, 2004).

And because "Discovery may inform the context [of the individual Defendants'] Actions," the "Denial of Qualified Immunity At the Dismissal stage Does not Preclude A renewal of that Defense At summary Judgment After further factual Development has occurred." Schwartz, 702 F.3d At 587 (quoting Weise v. Casper, 507 F.3d 1260, 1265 (10th cir 2007).

Porter v. crow 2020 U.S. Dist. Lexis 22561 (cross-gender strip search).

cross-gender strip search is widely used In Jurisdictions Accross this country to describe situations where one is searched by A person of the opposite sex. See e.g., Canedy v. Boardman, 16 F.3d 183, 185 N.1 (7th cir. 1994); Jordan v. Gardner, 986 F.2d 1521, 1552 (9th cir 1993); Soto v. City of Haltom City, 106 Fed App'x. 903 2004 WL 1777183 (5th. cir. 2004) (unpublished opinion) Roden v. Sowders, 84 Fed. App'x. 611, 2003 WL 23140063 (6th cir. 2003) (unpublished opinion); Byrd v. Maricopa County sheriff's Dep't, 629 F.3d 1135. (9th App. 2011).

will v. mic. Dep't of state police, 491 u.s. 58 (1989).

muscogee (creek) Nation V. Pruitt, 669 F. 3d 1159, 1166 (10th cir 2012) (Identifying "Three exceptions to Eleventh Amendment Immunity And explaining that A plaintiff may bring An official-capacity suit Against A state official Acting in his or her official capacity" IF the complaint Alleges An ongoing violation of federal law And the plaintiff seeks prospective relief").

Conduct wrongful under §1983 cannot be Immunized. Conduct by persons Acting under color of state law that IS wrongful under 42 u.s.c. §1983 cannot Be Immunized by state law. mucci V. Falcon sch. Dist. No 49, 655 P. 2d. 422 (colo. App. 1982). see Also 28 u.s.c. 1346.

For these forging Reasons. Defendants motion for Qualified Immunity Should Not be granted.

# Certificate of Service

I Hereby certify that on the 4TH Day of
Aug 2021, I sent A copy of opposition to
Defendants motion to Dismiss to the
Defendant(s) And the Clerk of the Court.

city Attorney
200 S. CASCADE
Colorado springs, CO 80903

clerk of the court
901-19TH St. Room A105
Denver, CO 80294-3589.

Darlene Griffith
A0275824
2739 E. Las vegas
Colorado springs, CO
80406

Estate of trentadue et al, Aguilar v.
United States, 347 F. 3D 840, 852 (10TH Cir 2005)

28 U.S.C. 1346

b) 1). subject to the provisions of chapter
171 of this title [28 U.S.C.S. § 2671 et seq.],
the District courts, together with the united
States District court for the District of the
canal zone and the District court of the
virgin Islands, shall have exclusive Jurisdiction
of civil Actions on claims Against the
united states, For money Damages, Accruing
on or after January 1, 1945 for Injury or
loss of we property, or personal Injury
or Death caused by the Negligent or wrongful
Act or omission of Any employee of the
Government while Acting within the
Scope of his office or employment, under
Circumstances were the united States,
If A private person, would be liable
to the claimaint in Accordance with
the law of the place were the
Act or ommission occured.

Exhibit (1)





Exhibit (2)



# El Paso County Sheriff's Office



## INTRA-OFFICE MEMORANDUM

**TO:**       Inmate Darlene Griffith #A0275824

**FROM:**   Deputy K. Farrell, 08041  KKF

**DATE:**    October 5, 2020

**SUBJECT:**  PREA Complaint Against Deputy

On September 16, 2020, I interviewed you regarding a PREA complaint against a pat search a deputy completed. Based on the information you provided and the fact this pat search was a one-time event conducted for the safety and security of the facility, this complaint is unfounded based on PREA guidelines.

Recorded video was reviewed. The information regarding your complaint along with a copy of the video was forwarded to this deputy's supervisors for further review.

Thank you for providing us the opportunity to investigate this matter.

KKF/kkf



**Civil Process Unit**
210 South Tejon St. • Colorado Springs, CO 80903
719-520-7144

**Office of the Sheriff**
27 East Vermijo Ave. • Colorado Springs, CO 80903
719-520-7100
www.epcsheriffsoffice.com

**Criminal Justice Center**
2739 E. Las Vegas St. • Colorado Springs, CO 80906
719-390-2106

NEOPOST   FIRST-CLASS MAIL
08/06/2021
US POSTAGE $001.40⁰
ZIP 80906
041M11284826

UNCENSORED
INMATE MAIL

Darlene Griffith
A0275824
**Criminal Justice Center**
**Detention Facility**
**2739 E. Las Vegas Street**
**Colorado Springs, CO 80906**
**LEGAL MAIL**

Clerk of the Court
901 - 19 TH St., Room A105
Denver, CO 80294-3589