IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-00387-CMA-NRN

DARLENE GRIFFITH

Plaintiff,

v.

JANE DOE (DEPUTY),
JOHN DOE (DEPUTY), and
MR. DRAPPER (DEPUTY)

Defendants.

---

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO DISMISS (ECF 32)**

---

Defendants, Deputy Jane Doe ("Jane Doe"), Deputy John Doe ("John Doe"), and Deputy Draper ("Draper") (collectively "the Defendants"), by and through the Office of the County Attorney of El Paso County, hereby Reply to Plaintiff's Response to the Motion to Dismiss (ECF 37) and as grounds in support thereof, the Defendants submit the following:

## I. ARGUMENT

### A. Plaintiff's New Claim That Strip Search in General was a Fourth Amendment Violation

Plaintiff alleges that she was arrested for a petty traffic offense and that a Colorado state law governing strip searches would have expressly forbid Defendants Jane Doe and John Doe from conducting a strip search. Plaintiff's Response to Motion to Dismiss, p. 2. (ECF 37) ("*Resp*. p.

\_\_"). Plaintiff returns to the same issue to question why the search occurred at all, given that Plaintiff was arrested "for a 'minor traffic' infraction." *Resp*. p. 4.[1]

However, Plaintiff fails to point out that subsection (8) of the same statute provides that, "[t]he provisions of subsections (1) to (6) of this section shall not apply when, following arraignment and pursuant to a court order, the person is taken into custody by or remanded to a sheriff or a correctional facility." Plaintiff admits she was taken to the El Paso County Criminal Justice Center on July 20, 2020, which is a correctional facility. Plaintiff's Amended Complaint, p. 8. (ECF 9) ("*Am. Compl.* p.\_\_"). Because plaintiff was taken into custody and placed into a correctional facility, the argument made by Plaintiff under C.R.S. 16-3-405 is inapplicable

Plaintiff's Response also alleges a constitutional violation that was not raised in the initial pleading, namely a Fourth Amendment violation based on alleged violation of a local statute. Amendment at this stage, without leave of the court or written consent of adverse party, does not comply with the Federal Rules of Civil Procedure. Fed. R. Civ. P. 15(a). However, even if the Court were to view Plaintiff's inclusion of this new claim as seeking leave to amend, the claimed Fourth Amendment violation based on alleged violation of a local statute would still fail. *See Gaines v. Stenseng*, 292 F.3d 1222, 1225 (10th Cir. 2002)(violation of state law, without more, is an inappropriate standard for evaluating constitutionality).

---

[1] This statute is inapplicable due to Plaintiff's arrest and booking into CJC on July 20, 2020 on charges of burglary in the second degree pursuant to C.R.S. § 18-4-203(2)(a), a class 3 felony in El Paso County case number 2020CR4070. The Court can take judicial notice of this fact pursuant to Federal Rule of Evidence 201.

**B. Plaintiff Does Not Establish Personal Participation of Defendant Jane Doe**

From the outset, Plaintiff never alleged that Defendant Jane Doe was present during the strip search of Plaintiff's bottom half. *See Am. Compl*. p. 9 ("she then left the strip out room). The argument Plaintiff makes concerning Jane Doe's personal participation in the alleged violative conduct relies primarily on alleged violations of the El Paso County Criminal Justice Center (CJC) policy concerning strip searches. *Resp*. p. 3. Plaintiff's reliance on CJC policies is an insufficient standard for assessing constitutionality. *See Tanberg v. Sholtis*, 401 F.3d 1151, 1164 (10th Cir. 2005)(declining to use law enforcement agency's operating procedures as evidence of a constitutional standard). Plaintiff also relies on a case in which a male inmate was pat-down searched by a female deputy as precedent establishing the *per se* unconstitutionality of cross-gender strip searches. *Byrd v. Maricopa Cty. Sheriff's Dept.*, 629 F.3d 1135 (9th Cir. 2011). This case carries only persuasive authority and is factually distinguishable from the circumstances alleged in the complaint. Unlike the deputy in *Byrd*, Defendant Jane Doe did not conduct a pat down search of Plaintiff and was not physically present during the search in question. *Am. Compl*. p. 9. Accordingly, the Amended Complaint, or Plaintiff's Response fail to plausibly allege that Jane Doe participated in any Constitutional violation and the claims against Jane Doe fail as a result.

**C. Defendants are Entitled to Qualified Immunity**

Defendants are entitled to qualified immunity because there was no underlying constitutional violation for the reasons set forth above. But even if there was such a violation, Defendants would still be entitled to qualified immunity because Plaintiff cannot satisfy her burden to establish that the law was "clearly established." That is to say, Plaintiff fails to show that on

July 20, 2020, a pre-operation transgender inmate had a clearly established right to be free from being physically searched by detentions personnel of the opposite gender than that of which the inmate identified. *Resp*. pp. 6-8. Indeed, Plaintiff has failed to direct the Court to any precedent from the United States Supreme Court, this Circuit, or weight of authority from other circuits in support of Plaintiff's claim that the right at issue was clearly established on the dates of the alleged constitutional violations. *See Guttierez v. Cabos*, 841 F.3d 895, 900 (10th Cir. 2016) (plaintiff bears burden of persuasion to rebut claim of qualified immunity).

First, Plaintiff cites the wrong standard for the Court to assess the constitutionality of the searches conducted by Defendants at CJC. *Resp*. p. 5. Plaintiff relies on a case in which a private security officer conducted a pat down search of a female student who was trying to attend a high school prom. *Herrera v. Santa Fe Public Schools*, 792 F.Supp2d 1174, 1179 (D.N.M. 2011). The *Herrera* court applied a standard for determining the reasonableness of searches in the school setting, rather than in the detentions setting. *See id.,* 792 F.Supp2d at 1193 ("To determine whether a particular type of school search is constitutionally reasonable, a reviewing court must consider the scope of the legitimate expectation of privacy at issue, the character of the intrusion that is complained of, and the nature and immediacy of the governmental concern at issue and the efficacy of the means employed for dealing with it.")(*internal quotations omitted*). This standard is inapplicable to the facts before the Court; the pat down search of a pre-operation transgendered inmate in a county jail.

Plaintiff next cites to *Moore v. Atherton*, 28 Fed. Appx. 803 (10th Cir. 2001). But, this case addresses a female deputy watching a male inmate using the toilet. The court here stated not enough facts were provided to assess the factors, therefore case dismissed for failure to state a

4

claim. As such, Plaintiff cannot rely upon this case to avoid the application of qualified immunity because it is not precedent from the Supreme Court or Tenth Circuit and did not opine of the issue at hand in this case. *See Guttierez*, *supra*.

Plaintiff also relies on *Byrd v. Maricopa County Sheriff's Dept.*, 629 F.3d 1135 (9th Cir. 2011), which held that the plaintiff failed to state a claim because he did not establish that the cross-gender search was unrelated to a "legitimate governmental objective." *Id.*, 629 F.3d at 1140. Again, this case cannot be relied upon to avoid the application of qualified immunity because it is from the Ninth Circuit and cannot, by itself, be considered the "weight of authority from other circuits…" *See Guttierez*, *supra*.

Perhaps what is most factually distinguishable from nearly every case cited by Plaintiff is that Plaintiff is "transgender male-female pre-opp [SIC]." *Am. Compl*. p. 8. Plaintiff was unable to cite factually similar cases carrying the weight of precedent because none exist. Plaintiff cites only one unpublished case in which a transgender female who was identified as male at birth initially brought claims against prison officials under the Prison Rape Elimination Act (PREA) for alleged cross-gender strip searches. *Porter v. Crow*, No. 18-CV-0472-JED-FHM, 2020 WL 620284 (N.D. Okla. Feb. 10, 2020). However, the plaintiff in *Crow* voluntarily dismissed the PREA claims and the court in that case never rendered a decision on the issue. *Id.* at 5-6.

For these reasons, the Defendants are entitled to qualified immunity.

## II.   CONCLUSION

For all the foregoing reasons as well as those set forth in the Motion to Dismiss (ECF 32), Plaintiff's claims respectively must be dismissed against Deputies Draper, John and Jane Doe with

5

prejudice, award County Defendants' attorneys' fees pursuant to C.R.S. § 13-17-201 and costs pursuant to C.R.S. § 13-17.5-103, and any other further relief the Court deems just and proper.

**WHEREFORE**, Defendants respectfully request this Court dismiss with prejudice Plaintiff's claims; award any and all attorney fees and costs provided by law; and award any other relief as the Court deems reasonable and just.

Respectfully submitted this 23rd day of August, 2021.

OFFICE OF THE COUNTY ATTORNEY
OF EL PASO COUNTY, COLORADO

By: s/ *Chris Strider*
Chris Strider, #33919
Assistant County Attorney
El Paso County Attorney's Office
200 S. Cascade Ave.
Colorado Springs, CO 80903
(719) 520-6485 (Main Office Line)
(719) 520-7264 (Office)
(719) 627-1586 (Mobile)
Email: chrisstrider@elpasoco.com

By: s/ *Terry A. Sample*
Terry A. Sample, #33919
Senior Assistant County Attorney
El Paso County Attorney's Office
200 S. Cascade Ave.
Colorado Springs, CO 80903
(719) 520-6485 (Main Office Line)
(719) 520-6386 (Office)
(719) 313-1941 (Mobile)
Email: terrysample@elpasoco.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

      I hereby certify that on August 23, 2021, a true copy of this Motion to Dismiss was e-filed and served via ICCES or sent by US Mail on all active parties and counsel of record:

Darlene Griffith, #0275824
El Paso County Criminal Justice Center
2739 East Las Vegas Street
Colorado Springs, CO 80906

        s/April Willie
        Paralegal