IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-00387-NRN

DARLENE GRIFFITH,

    Plaintiff,

v.

DEPUTY F/N/U DRAPER, *et al.*,

    Defendants.

---

### MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

---

    Plaintiff, by and through counsel Andy McNulty of KILLMER, LANE & NEWMAN, LLP, requests that this Court accept her proposed Second Amended Complaint and states in support as follows:

    1.    Plaintiff filed a *pro se* Complaint and Amended Complaint in this matter. Since filing of those documents, Plaintiff has obtained counsel through the United States District Court for the District of Colorado's Civil Pro Bono Panel. Undersigned counsel recently entered an appearance on Plaintiff's behalf as appointed counsel through the Civil Pro Bono Panel.

    2.    Plaintiff's counsel wishes to file a Second Amended Complaint in this matter to cure a number of pleading deficiencies, name appropriate parties, and assert actionable legal claims.

    3.    Plaintiff has not attached a redlined version of the Amended Complaint compared to the proposed Second Amended Complaint to this motion, as is required by D.C. COLO. LCivR. 15.1. Plaintiff's Amended Complaint was prepared *pro se* by Plaintiff and is significantly different in form and content from the Second Amended Complaint and it would not be useful to

1

the Court or parties to see the differences in redline.

4. The facts and circumstances support granting Plaintiff's Motion for Leave to Amend. "Fed. R. Civ. P. 15(a) provides for liberal amendment of pleadings" and "[a]mendment under the rule has been freely granted." *Starr v. City of Lakewood*, 2008 U.S. Dist. LEXIS 103929, at *2 (D. Colo. Dec. 16, 2008). "Generally, the Court liberally should allow for amendments to pleadings under Federal Rule of Civil Procedure 15(a)." *Harger v. Talley*, 2005 U.S. Dist. LEXIS 14509, at *6 (D. Nev. 2005). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (internal citation omitted). Additionally, "[i]n keeping with the purposes of the rule, the court should consider judicial economy and whether the amendments would lead to expeditious disposition of the merits of the litigation." *Chitimacha Tribe of La. V. Harry L. Laws Co.*, 690 F.2d 1157, 1163 (5th Cir. 1982).

5. Plaintiff has not unduly delayed in submitting the amendments. Plaintiff is amending very early in this case and immediately after her new counsel entered his appearance. Courts have granted leave to amend much later into litigation than this case is currently postured. *Cuffy v. Getty Ref. & Mktg. Co.*, 648 F. Supp. 802 (D. Del. 1986) (allowing amendment to complaint alleging racial discrimination, even though discovery has already been completed and opposing party has filed motion for partial summary judgment, because, while there will be inconvenience to opposing party, there is no prejudice).

6. Further, granting Plaintiff leave to amend would not cause Defendants any prejudice, particularly considering that Plaintiffs' proposed additional allegations are based on the same core set of facts as their existing claims, and no discovery has taken place. *Justice v.*

*Fabey*, 541 F. Supp. 1019 (E.D. Pa. 1982); *Barbarino v. Anchor Motor Freight, Inc.*, 421 F. Supp. 1003 (W.D.N.Y. 1976) (alleged prejudice resulting from time spent researching and opposing initial complaint is not type of detriment which constitutes undue prejudice to defendant and, therefore, in light of absence of bad faith on part of plaintiff, liberal amendment policy of Federal Rules permits plaintiff to amend his complaint).

7. Moreover, Plaintiff does not have a bad faith or dilatory motive in amending the Complaint. Plaintiff's counsel only recently entered into this case.

8. Finally, under the liberal Rule 15(a) standard, Plaintiffs only have to demonstrate that their proposed additional allegations are not "clearly frivolous or legally insufficient on [their] face. . . If the proposed claim sets forth facts and circumstances which may entitle the plaintiff to relief, then futility is not a proper basis on which to deny the amendment." *Gallegos v. Brandeis Sch.*, 189 F.R.D. 256, 259 (E.D.N.Y. 1999) (internal quotation marks omitted). "[E]ven where the possibility of relief is remote, amendment must be permitted because it is the possibility of recovery, not its likelihood, that guides the court's analysis." *Id*. (citing *Vermont Plastics, Inc. v. Brine, Inc.*, 79 F.3d 272 (2d Cir. 1996)). Plaintiff's amendments are far from futile and should be allowed.[1]

**Certification Pursuant to D.C.Colo.LCivR. 7.1**

---

[1] In any event, a motion to amend is not the proper procedure for resolving the merits of Plaintiff's additional allegations. Judge Ebel previously addressed the futility issue in the case of *General Steel Domestic Sales, LLC v. Steel Wise, LLC*, 2008 U.S. Dist. LEXIS 111978 (D. Colo. June 20, 2008). In *General Steel*, Judge Ebel stated, in pertinent part: "Defendants' futility argument seems to place the cart before the horse. Rather than force a Rule 12(b)(6) motion into a Rule 15(a) opposition brief, the defendant may be better served by waiting to assert Rule 12 motions until the operative [pleading] is in place." *Id*. at *11. *See also Trans-High Corp. v. Brohl*, 2014 U.S. Dist. LEXIS 114324 (D. Colo. Aug. 18, 2014) (Watanabe, J.) (granting plaintiffs' motion for leave to amend complaint and citing *General Steel* with approval). This Court should adopt Judge Ebel's and Judge Watanabe's sound reasoning and grant Plaintiff leave to amend.

9. Counsel for Plaintiff, Andy McNulty, certifies that he conferred with Nathan Whitney, counsel for Defendant, who stated that Defendants do not oppose this motion.

WHEREFORE, Plaintiff respectfully requests that the Court grant her Motion for Leave to File an Amended Complaint and enter the proposed Second Amended Complaint as the operative complaint in this case.

DATED this 4th day of October 2021.

KILLMER, LANE & NEWMAN, LLP

*s/ Andy McNulty*

_____
Andy McNulty
1543 Champa Street, Suite 400
Denver, Colorado 80202
amcnulty@kln-law.com

*Attorney for Plaintiff*

4

# CERTIFICATE OF SERVICE

I hereby certify that on October 4, 2021, I electronically filed the foregoing **MOTION FOR LEAVE TO FILE TO SECOND AMENDED COMPLAINT** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Nathan J. Whitney
Terry Sample
Chris Strider
County Attorney's Office
El Paso County
nathanwhitney@elpasoco.com
terrysample@elpasoco.com
chrisstrider@elpasoco.com

*Counsel for Defendants*

                                                                                                                  KILLMER, LANE & NEWMAN, LLP

                                                                                                                   *s/ Charlotte Scull*

                                                                                                                    Charlotte Scull