IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-00387-NRN-CMA

DARLENE GRIFFITH,

    Plaintiff,

v.

EL PASO COUNTY, COLORADO,
WELLPATH, LLC,
CHRISTINE MOHR, in her individual capacity,
DOCTOR JANE DOE, in her individual capacity,
SHERIFF BILL ELDER, in his individual and official capacities,
COMMANDER CY GILLESPIE, in his individual capacity,
DEPUTY JOHN DOE, in his individual capacity,
DEPUTY JANE DOE, in her individual capacity,
DEPUTY F/N/U DRAPER, in his individual capacity,

    Defendants.

_____

### [PROPOSED] STIPULATED PROTECTIVE ORDER
_____

Pursuant to Fed. R. Civ. P. 26(c), upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

1.    This Stipulated Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2.    As used in this Stipulated Protective Order, "document" is defined as provided

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-00387-NRN-CMA

DARLENE GRIFFITH,

    Plaintiff,

v.

EL PASO COUNTY, COLORADO,
WELLPATH, LLC,
CHRISTINE MOHR, in her individual capacity,
DOCTOR JANE ROE, in her individual capacity,
SHERIFF BILL ELDER, in his individual and official capacities,
COMMANDER CY GILLESPIE, in his individual capacity,
DEPUTY JOHN DOE, in his individual capacity,
DEPUTY JANE DOE, in her individual capacity,
DEPUTY F/N/U DRAPER, in his individual capacity,

    Defendants.

## [PROPOSED] STIPULATED PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 26(c), upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

1. This Stipulated Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Stipulated Protective Order, "document" is defined as provided

2

in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be information that is confidential information protected by a statutory, regulatory, or common law right of privacy or protection, or otherwise contain nonpublic personal, personnel, employment, private, medical, or other information implicating privacy interests, proprietary interests or safety and security concerns of either the Plaintiff, any of the Defendants or any other nonparty including confidential, security-sensitive, proprietary, trade secret, financial, or personal information. Any information designated by a party as CONFIDENTIAL must first be reviewed by a lawyer who will certify that the designation as CONFIDENTIAL is based on a good faith belief that the information "is confidential or otherwise entitled to protection." *Gillard v. Boulder Valley Sch. Dist., 196* F.R.D. 382, 386 (D. Colo. 2000). CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

4. CONFIDENTIAL information shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

    a. the parties' attorneys;

    b. persons regularly employed or associated with the parties' attorneys that are actively working on the case whose assistance is required by said attorneys in the preparation of the case, at trial, or at other proceedings in this case;

    c. the parties, including designated representatives for the Plaintiffs and Defendants;

      d.     expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial, or other proceedings in this case;

      e.     the Court and its employees ("Court Personnel");

      f.     stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

      g.     deponents and witnesses;

      h.     any individual necessary to respond to any licensing, credentialing, peer review, quality management, or other professional inquiry;

      i.     any insurer to a party to this matter;

      j.     other persons by written agreement of the parties.

5.     Prior to disclosing any CONFIDENTIAL information to any person listed above (other than those listed in section a, b, c, d, e, f, and g), counsel shall provide such person with a copy of this Stipulated Protective Order and obtain from such person acknowledgement stating that he or she has read this Stipulated Protective Order and agrees to be bound by its provisions. Please see Exhibit A, Confidentiality Agreement to serve as such acknowledgement, attached hereto.

6.     Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice "CONFIDENTIAL."

7.     Whenever a deposition involves the disclosure of CONFIDENTIAL information, the related portions thereof shall be designated as CONFIDENTIAL and shall be subject to the

provisions of this Stipulated Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

8.  Whenever it is necessary to attach or otherwise include CONFIDENTIAL information to motions or other documents filed with the court, it shall be filed as restricted Level 1 in accordance with the requirements of D.C.COLO.LCiv.R 7.2. The party designating the document as confidential shall have the burden of moving the court to maintain restriction of the document.

9.  If a document marked as CONFIDENTIAL contains personal information that is not material to the claims and defenses at issue in the case, the filing party shall redact the information rather than restrict public access.

10. Whenever a party inadvertently fails to designate any information as CONFIDENTIAL, that party may correct such failure by giving written notice to the other party(ies). Upon such written notification, the corrected materials shall only be deemed CONFIDENTIAL prospectively. Substitute copies of the corrected information shall be appropriately marked and given to the other party(ies) as soon as they become available. Within ten (10) days of receipt of the substitute copies, the party(ies) receiving the CONFIDENTIAL information shall return the previously unmarked information or destroy it.

11. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party that designated the disputed information. The

parties agree to endeavor to make their objections within a reasonable time after the designation, but nothing herein shall be construed as limiting the ability of a party to object to the designation at any time. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to comply with the applicable Magistrate and District Judge practice standards regarding discovery disputes so that the Court may determine whether the disputed information should be subject to the terms of this Stipulated Protective Order. If these procedures are accomplished timely, the disputed information shall be treated as CONFIDENTIAL under the terms of this Stipulated Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Stipulated Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

12. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall either (1) be returned to the party that designated it as CONFIDENTIAL, (2) be destroyed, or (3) the parties may retain those Documents confidentially consistent with the document retention and destruction policy of their law firm and pursuant to the continuing terms of this Protective Order. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party

shall provide all parties with an affidavit confirming the destruction.

13. The parties agree and stipulate that every person who obtains CONFIDENTIAL information is prohibited from using or disclosing said information for any purpose whatsoever, except as consistent with this order.

14. Nothing in this Stipulated Protective Order shall require the disclosure of information that is otherwise not subject to discovery, is privileged, or constitutes attorney work product. Nothing in this Stipulated Protective Order shall prejudice any objections that a party might have regarding the production of information. Nothing in this Stipulated Protective Order shall be construed as an agreement that any CONFIDENTIAL information shall be excluded from evidence.

15. Neither a party's designation of information as CONFIDENTIAL under this Stipulated Protective Order, nor a party's failure to make or object to such designation, shall be admissible in evidence as a party admission or otherwise to prove any fact relevant to any claim or defense, except to the extent that the Court sustains a challenge to a confidentiality designation.

16. The restrictions on use of CONFIDENTIAL information set forth in this Stipulated Protective Order shall survive the conclusion of this litigation.

17. This Stipulated Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated this _____ day of _____ 2021.

              BY THE COURT:

              _____
              U.S. Magistrate Judge
              N. Reid Neureiter

APPROVED AS TO FORM:

*s/ Andy McNulty*

---

Mari Newman
Andy McNulty
KILLMER, LANE & NEWMAN, LLP
1543 Champa Street, Suite 400
Denver, Colorado 80202
Phone: (303) 571-1000
Facsimile: (303) 571-1001
mnewman@kln-law.com
amcnulty@kln-law.com
*Attorneys for Plaintiffs*


*s/ Nathan Whitney*

---

Nathan J. Whitney
Sr. Assistant County Attorney
Terry Sample
Sr. Assistant County Attorney
Chris Strider
Assistant County Attorney
200 S. Cascade Ave.
Colorado Springs, CO 80903
Telephone: (719) 520-6409
Facsimile: (719) 520-6487
nathanwhitney@elpasoco.com
terrysample@elpasoco.com
chrisstrider@elpasoco.com
*Attorneys for County Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-00387-NRN-CMA

DARLENE GRIFFITH,

    Plaintiff,

v.

EL PASO COUNTY, COLORADO,
WELLPATH, LLC,
CHRISTINE MOHR, in her individual capacity,
DOCTOR JANE DOE, in her individual capacity,
SHERIFF BILL ELDER, in his individual and official capacities,
COMMANDER CY GILLESPIE, in his individual capacity,
DEPUTY JOHN DOE, in his individual capacity,
DEPUTY JANE DOE, in her individual capacity,
DEPUTY F/N/U DRAPER, in his individual capacity,
EL PASO COUNTY, COLORADO, *et al.*,

    Defendants.

**CONFIDENTIALITY AGREEMENT**

    I, _____, recognize that, in connection with my involvement in matters relating to this litigation, I may have occasion to read or hear about documents produced in the lawsuit, or learn of other information, that has been designed Confidential Information. I agree to read, review and use any such Confidential Information solely and exclusively in connection with my participation in this litigation. I agree to abide by this Confidentiality Agreement in every respect. l agree that I have not and will not divulge, or undertake to divulge, to any person or recording device any Confidential Information shown or told to me except as authorized. I will not use the Confidential Information for any purpose other than this litigation. I agree to return all copies of such Confidential Information to the disclosing attorney at the conclusion of this litigation so that the disclosing attorney may return the Confidential Information to the designating party or destroy the Confidential Information. I further consent to the jurisdiction and venue of the Court in which this litigation is pending with respect to any dispute involving the subject matter of

the Confidential Information.

_____
Date


_____
Signature