**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 21-cv-00387-CMA

DARLENE GRIFFITH,

Plaintiff,

v.

EL PASO COUNTY, COLORADO, *et al.*,

Defendants.

**JOINT MOTION FOR SETTLEMENT CONFERENCE AND TO STAY CASE
PENDING SETTLEMENT CONFERENCE**

The parties,[1] through their respective counsel, submit this Joint Motion for Settlement Conference and to Stay Case Pending Settlement Conference as follows:

1. On December 8, 2021, Plaintiff and the County Defendants filed a Stipulation (Doc. 91) providing they would request a settlement conference. The Court approved this Stipulation as an order of the Court on the same day. (Doc. 92).

2. Pursuant to D.C.COLO.L.Civ.R 16.6, the parties request a settlement conference before the Honorable Magistrate Neureiter. A settlement conference is appropriate and warranted under the present circumstances because Plaintiff is indigent and represented by pro bono counsel.

---

[1] El Paso County, Sheriff Bill Elder, Commander Cy Gillespie, Deputy Draper, and John and Jane Doe are referred to collectively as the County Defendants.

1

Plaintiff and the County Defendants are further hopeful that an early settlement conference may bring about a prompt resolution of this case.

3. The Court should stay this case pending completion of the settlement conference pursuant to D.COLO.L.Civ.R. 16.6 and *String Cheese Incident, LLC v. Stylus Shows, Inc.*, 2006 WL 894955 (D. Colo. Mar. 30, 2006).

4. D.COLO.L.Civ.R. 16.6(a) provides that "[t]o facilitate settlement or early resolution, the district judge or a magistrate judge exercising consent may stay the action in whole or in part during a time certain or until further order."

5. *String Cheese Incident, LLC* enumerates the following factors to be considered by a court when issuing a stay: 1) the plaintiff's interest in expeditiously litigating this action and the potential to plaintiff of a delay; (2) the burden on the defendants; (3) the conveniences to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. 2006 WL 894955, at * 2 (D. Colo. Mar. 30, 2006).

6. The *String Cheese* factors weigh in favor of the issuance of a stay of this case. Plaintiff agrees that her interest weigh in favor of the issuance of a stay by joining in this Motion. The burden on the County Defendants would also be great by requiring them to respond to the Complaint, through a motion to dismiss raising several legal arguments, and then engage in discovery when this case may be promptly resolved at a settlement conference. For a similar reason, the interests of the Court and non-parties will also be served by a stay because the Court may not be burdened by ruling on a dispositive motion and the public may not be burdened by third-party subpoenas and depositions. Finally, the public interest weighs in favor of a stay because the public has an interest in "conserving public resources and the efficient functioning of

government," *Eggert ex rel. Eggert v. Chaffee County*, 2010 WL 3359613, at *4 (D. Colo. Aug. 25, 2010), and an early resolution of this case will conserve public resources.

7. Plaintiff and the County Defendants, therefore, respectfully request that the Court grant their request for a settlement conference and stay this case pending completion of the settlement conference.

8. If the Court is unwilling to issue a stay, the County Defendants further request an extension of time up to and including January 17, 2022, to file a responsive pleading to Plaintiff's Second Amended Complaint. Such an extension is warranted because the Parties are requesting an early settlement conference in hopes of resolving this case and a responsive pleading, such as a motion to dismiss, may interfere with those settlement efforts. Moreover, Plaintiff's Second Amended Complaint sets forth numerous claims subject to many different arguments for dismissal. The County Defendants intend to file a motion to dismiss these claims and request additional time to prepare this pleading given the upcoming holiday. This is the County Defendants' second request for an extension of time to respond to Plaintiff's Second Amended Complaint. A copy of this Motion will be served on the parties' clients.

Respectfully submitted 16th day of December, 2021.

*s/ Nathan Whitney*
Nathan J. Whitney, First Assistant County Attorney
Terry Sample, Sr. Assistant County Attorney
Chris Strider, Assistant County Attorney
200 S. Cascade Ave.
Colorado Springs, CO 80903
Telephone: (719) 520-6409
Facsimile: (719) 520-6487
nathanwhitney@elpasoco.com
terrysample@elpasoco.com
chrisstrider@elpasoco.com
*Attorneys for County Defendants*

*s/ Andy McNulty*
Mari Newman
Andy McNulty
KILLMER, LANE & NEWMAN, LLP
1543 Champa Street, Suite 400
Denver, Colorado 80202
Phone: (303) 571-1000
Facsimile: (303) 571-1001
mnewman@kln-law.com
amcnulty@kln-law.com
*Attorneys for Plaintiffs*

*s/ Ashlee B. Hesman*
Daniel P. Struck, #012377
Ashlee B. Hesman, #028874
Kristina Rood, #035097
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
dstruck@strucklove.com
ahesman@strucklove.com
*Attorneys for Defendant Wellpath, LLC*

4

# CERTIFICATE OF SERVICE

    I hereby certify that on December 16, 2021, a true copy of this Joint Motion for Settlement Conference and to Stay Case Pending Settlement Conference was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses for the following active parties and counsel of record:

Mari Ann Newman, Esq.
Andrew Joseph McNulty, Esq.
Killmer Lane & Newman LLP
1543 Champa Street, Suite 400
Denver, CO 80202

*Attorneys for Plaintiff*

Daniel P. Struck, #012377
Ashlee B. Hesman, #028874
Kristina Rood, #035097
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona 85226

*Attorneys for Defendant Wellpath, LLC*

                                                /s/ *Dee Lambert*
                                                Paralegal