IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-00387-NRN-CMA

DARLENE GRIFFITH,

    Plaintiff,

v.

EL PASO COUNTY, COLORADO,
WELLPATH, LLC,
CHRISTINE MOHR, in her individual capacity,
DOCTOR JANE DOE, in her individual capacity,
SHERIFF BILL ELDER, in his individual and official capacities,
COMMANDER CY GILLESPIE, in his individual capacity,
DEPUTY JOHN DOE, in his individual capacity,
DEPUTY JANE DOE, in her individual capacity,
DEPUTY F/N/U DRAPER, in his individual capacity,

    Defendants.

---

**COUNTY DEFENDANTS UNOPPOSED MOTION FOR CLIENTS AND ADJUSTER TO APPEAR TELEPHONICALLY AT APRIL 8, 2022 SETTLEMENT CONFERENCE AND REQUEST FOR STATUS CONFERENCE**

---

Defendants, Sheriff Bill Elder, Commander Cy Gillespie and Deputy Draper (collectively "County Defendants"), by and through their counsel, The El Paso County Attorney's Office, hereby respectfully submit this Motion for Clients and Adjuster to appear telephonically at the April 8, 2022 Settlement Conference and request for Status Conference to address Court's requirements for Settlement Conference as follows.  (See Doc. 102 at 1).

**Duty To Confer**:  Undersigned counsel conferred with counsel for all counsel and no party opposes this Motion.

This matter is set for a Settlement Conference before the Honorable Magistrate Neureiter on April 8, 2022. The Court's Order setting the Settlement Conference requires the attendance of the parties who shall have "full authority to negotiate all terms and demands presented by the case, and full authority to enter into a settlement agreement." (Doc. 102). The Order also provides that a party may be excused from personal attendance as long as the party "has obtained leave of the Court following the filing of an appropriate motion, no later than five (5) business days prior to the settlement conference date."

**Request For Leave for Elder, Gillespi, and Adjuster to Attend Telephonically**

Undersigned counsel along with a member of the County's Risk Department will attend the Settlement Conference in person. Elder and Gillespie are responsible for critical operations of the El Paso County Sheriff's Office. Requiring them to travel from Colorado Springs to Denver to attend the Settlement Conference will take them away from important duties affecting the safety and security of the citizens of El Paso County for an entire day. To mitigate the effects of Elder and Gillespie's absence from their normal duties, undersigned counsel requests leave from the Court to allow Elder and Gillespie to be excused from personal appearance at the Settlement Conference on April 8, 2022.

El Paso County is self-insured but does have an excess insurance carrier with a very high self-insured retention. Due to this high retention amount, El Paso County does not anticipate that its excess insurance carrier will play any part in the settlement conference. Nevertheless, the County Defendants request that the adjuster from the excess insurance carrier be allowed to attend the settlement conference telephonically, if needed, because the adjuster has a prior planned vacation on the date of the settlement conference.

Undersigned counsel and at least one representative from the County's self-insured Risk Department will attend the settlement conference in-person.

### Request For Status Conference To Discuss Terms of Court's Order

The Court's Order requires the attendance of parties who shall have full authority to negotiate all terms and full authority to enter into a settlement agreement. El Paso County, however, maintains Risk Policy requiring all settlements of more than $25,000 to be approved by a vote of the El Paso County Board of County Commissioners at a regularly scheduled public meeting. A true and correct copy of the Risk Policy is attached hereto as **Exhibit A**. Thus, the County Defendants are prohibited by the terms of the Resolution from unilaterally binding El Paso County. Accordingly, the County Defendants respectfully request a status conference with the Court and the parties to discuss the Risk Policy's impact on the Court's Order and the upcoming Settlement Conference.

WHEREFORE, the Parties respectfully request the Court enter an Order granting County Defendants Unopposed Motion for Clients to Appear Telephonically at the April 8, 2022 Settlement Conference.

Respectfully submitted 17th day of March, 2021.

*s/ Nathan Whitney*

_____
Nathan J. Whitney
Sr. Assistant County Attorney
Terry Sample
Sr. Assistant County Attorney
Chris Strider
Assistant County Attorney
200 S. Cascade Ave.
Colorado Springs, CO 80903
Telephone: (719) 520-6409
Facsimile: (719) 520-6487

nathanwhitney@elpasoco.com
terrysample@elpasoco.com
chrisstrider@elpasoco.com
*Attorneys for County Defendants*

4

## CERTIFICATE OF SERVICE

  I hereby certify that on March 17, 2022, a true copy of this County Defendants Unopposed Motion for Clients to Appear Telephonically at April 8, 2022 Settlement Conference and Request for Status Conference was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses for the following active parties and counsel of record:

Mari Ann Newman, Esq.
Andrew Joseph McNulty, Esq.
Killmer Lane & Newman LLP
1543 Champa Street, Suite 400
Denver, CO 80202

*Attorneys for Plaintiff*

Daniel P. Struck, #012377
Ashlee B. Hesman, #028874
Kristina Rood, #035097
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona 85226

*Attorneys for Defendant Wellpath, LLC*

               /s/ *Dee Lambert*
               Paralegal