IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-00387-CMA-NRN

DARLENE GRIFFITH,

    Plaintiff,

v.

EL PASO COUNTY, COLORADO, *et al.*,

    Defendants.

---

**MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**

---

Plaintiff Darlene Griffith, by and through her attorneys Andy McNulty and Mari Newman of KILLMER, LANE & NEWMAN, LLP, requests that this Court accept her proposed Third Amended Complaint and state in support as follows:

1. **Certification Pursuant to D.C.Colo.LCivR. 7.1**

Counsel for Plaintiff, Andy McNulty, certifies that he conferred with counsel for Defendants on May 24, 2022 via email. Counsel for Defendants responded on May 31, 2022 and stated that Defendants do not oppose the relief sought herein.

2. **Introduction**

Plaintiff seeks leave to amend her Second Amended Complaint primarily in light of information that has come to light since the filing of it. Since the filing of the Second Amended Complaint, Plaintiff has received documentation from El Paos County and Wellpath that has provided additional details about her treatment within the El Paso County Jail, and identified additional Defendants that are liable for the violation of her constitutional rights (along with

1

revealing that a few Defendants should be dismissed). Plaintiff moves to file a Third Amended Complaint shortly after the scheduling conference in this matter, prior to any discovery being conducted, and before the deadline for joinder of parties and amendment of pleadings as outlined in the Scheduling Order in this case. [Doc. #114]. This Court should grant Plaintiff leave to file a Third Amended Complaint in this matter.

A redlined version of Plaintiff's proposed Amended Complaint is attached to this motion as **Exhibit 1** and a non-redlined version is attached as **Exhibit 2**.

3. **Legal Standard**

"Fed. R. Civ. P. 15(a) provides for liberal amendment of pleadings" and "[a]mendment under the rule has been freely granted." *Starr v. City of Lakewood*, 2008 U.S. Dist. LEXIS 103929, at *2 (D. Colo. Dec. 16, 2008). "Generally, the Court liberally should allow for amendments to pleadings under Federal Rule of Civil Procedure 15(a)." *Harger v. Talley*, 2005 U.S. Dist. LEXIS 14509, at *6 (D. Nev. 2005). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (internal citation omitted). Additionally, "[i]n keeping with the purposes of the rule, the court should consider judicial economy and whether the amendments would lead to expeditious disposition of the merits of the litigation." *Chitimacha Tribe of La. V. Harry L. Laws Co.*, 690 F.2d 1157, 1163 (5th Cir. 1982). "The underlying purpose of Fed. R. Civ. P. 15(a) is, of course, to facilitate a decision on the merits." *Polhemus v. Great-West Life & Annuity Ins. Co.*, No. 09-cv-00093-MSK-KMT, 2009 U.S. Dist. LEXIS 102714, at *12 (D. Colo. Oct. 16, 2009); *see also Kennington v. United States Dep't of the Treasury*, 490 F. App'x 939, 943 (10th Cir. 2012) (finding reversible error when

court did not adequately justify denying plaintiff's motion for leave to amend pleading). As such, the nonmoving party has the burden of showing that the proposed amendment is sought in bad faith, causes undue delay, substantial prejudice, or that the amendment would be futile. *Riggs v. Johnson*, No. 09-cv-01226-WYD-KLM, 2010 U.S. Dist. LEXIS 48125, at *9 (D. Colo. Apr. 27, 2010).

4. **Analysis**

The facts support granting Plaintiff's Motion for Leave to Amend. First, Plaintiff has not unduly delayed in submitting the amendments contained in the Third Amended Complaint. Plaintiff is moving to amend very early in this case, shortly after the entry of a scheduling order and before any discovery has taken place. The deadline has not passed for joinder of parties and amendment to pleadings. Courts have granted leave to amend much later into litigation than this case is currently postured. *Cuffy v. Getty Ref. & Mktg. Co.*, 648 F. Supp. 802 (D. Del. 1986) (allowing amendment to complaint alleging racial discrimination, even though discovery has already been completed and opposing party has filed motion for partial summary judgment, because, while there will be inconvenience to opposing party, there is no prejudice).

Second, granting Plaintiff leave to amend would not cause Defendants any cognizable prejudice, particularly considering that Plaintiff's proposed additional allegations are based on the same core set of facts as their existing claims, and no discovery has taken place. *Justice v. Fabey*, 541 F. Supp. 1019 (E.D. Pa. 1982); *Barbarino v. Anchor Motor Freight, Inc.*, 421 F. Supp. 1003 (W.D.N.Y. 1976) (alleged prejudice resulting from time spent researching and opposing initial complaint is not type of detriment which constitutes undue prejudice to defendant and, therefore, in light of absence of bad faith on part of plaintiff, liberal amendment policy of Federal Rules permits plaintiff to amend his complaint).

Third, Plaintiff does not have a bad faith, or dilatory, motive in submitting the amendments set out in the Amended Complaint. The main reason Plaintiff seeks to amend is newly discovered information that was not in Plaintiff's possession at the time of filing the Second Amended Complaint. Plaintiff received documents as part of the preliminary injunction proceedings in this matter that form the basis for the newly added allegation and Defendants, along with the subtracted allegations and Defendants. None of the amendments Plaintiff makes are made in bad faith or dilatorily.

Finally, under the liberal Rule 15(a) standard, Plaintiff only has to demonstrate that his proposed additional allegations are not "clearly frivolous or legally insufficient on [their] face. . . If the proposed claim sets forth facts and circumstances which may entitle the plaintiff to relief, then futility is not a proper basis on which to deny the amendment." *Gallegos v. Brandeis Sch.*, 189 F.R.D. 256, 259 (E.D.N.Y. 1999) (internal quotation marks omitted). "[E]ven where the possibility of relief is remote, amendment must be permitted because it is the possibility of recovery, not its likelihood, that guides the court's analysis." *Id*. (citing *Vermont Plastics, Inc. v. Brine, Inc.*, 79 F.3d 272 (2d Cir. 1996)). Plaintiff's amendments are far from futile and should be allowed.[1]

---

[1] In any event, a motion to amend is not the proper procedure for resolving the merits of Plaintiff's additional allegations. Judge Ebel previously addressed the futility issue in the case of *General Steel Domestic Sales, LLC v. Steel Wise, LLC*, 2008 U.S. Dist. LEXIS 111978 (D. Colo. June 20, 2008). In *General Stee*l, Judge Ebel stated, in pertinent part: "Defendants' futility argument seems to place the cart before the horse. Rather than force a Rule 12(b)(6) motion into a Rule 15(a) opposition brief, the defendant may be better served by waiting to assert Rule 12 motions until the operative [pleading] is in place." *Id*. at *11. *See also Trans-High Corp. v. Brohl*, 2014 U.S. Dist. LEXIS 114324 (D. Colo. Aug. 18, 2014) (Watanabe, J.) (granting plaintiffs' motion for leave to amend complaint and citing *General Steel* with approval). This Court should adopt Judge Ebel's and Judge Watanabe's sound reasoning and grant Plaintiff leave to amend.

Accordingly, there is no sound reason here to depart from the longstanding presumption that a plaintiff "ought to be afforded an opportunity to test h[er] claim on the merits" if "the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief[.]" *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

5. **Conclusion**

WHEREFORE, Plaintiff respectfully requests that the Court grant her Motion for Leave to File Amended Complaint, and therefore enter their proposed Amended Complaint as the operative complaint in this case.

DATED this 2nd day of June 2022.

KILLMER, LANE & NEWMAN, LLP

*/s/ Andy McNulty*
Andy McNulty
Mari Newman
1543 Champa St., Ste. 400
Denver, CO 80202
Phone: (303) 571-1000
Facsimile: (303) 571-1001
amcnulty@kln-law.com
mnewman@kln-law.com

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

      I hereby certify that on June 2, 2022, I electronically filed the foregoing **MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT** with the Clerk of Court using the CM/ECF system, which will send notification of this filing to the following:

Nathan Whitney
Terry Sample
Chris Strider
200 S. Cascade Ave.
Colorado Springs, CO 80903
terrysample@elpasoco.com
nathanwhitney@elpasoco.com
chrisstrider@elpasoco.com

*Counsel for El Paso County Defendants*

Daniel Struck
Ashlee B. Hesman
Kristina Rood
Struck Love Bojanowski & Acedo, PLC
3100 West Ray Road, Suite 300
Chandler, AZ 85226
Phone: (480) 420-1600
Fax: (480) 420-1695
dstruck@strucklove.com
ahesman@strucklove.com
krood@strucklove.com

*Counsel for Defendants Wellpath, LLC and Christine Mohr*

                                                        */s/ Charlotte Scull*
                                                        Paralegal