IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-00387-NRN

DARLENE GRIFFITH

Plaintiff,

v.

EL PASO COUNTY, COLORADO,
BILL ELDER, in his individual and official capacities
CY GILLESPIE, in his individual capacity
ANDREW MUSTAPICK, in his individual capacity,
DAWNE ELLISS, in her individual capacity,
BRANDE FORD, in her individual capacity

Defendants.

## MOTION TO STAY DISCOVERY

COMES NOW, Defendants El Paso County, Bill Elder ("Elder"), Cy Gillespie ("Gillespie"), Andrew Mustapick ("Mustapick"), Dawne Elliss ("Elliss"), Tiffany Noe ("Noe") and Brande Ford ("Ford") (collectively "the County Defendants")[1], and respectfully moves this Honorable Court for an order staying discovery in this matter pending this Court's resolution of Defendants' Motion to Dismiss Third Amended Complaint (Doc. 124) Pursuant to Fed. R. Civ. P. 12(b)(1), and 12(b)(6) (Doc. 124). As grounds therefor, Defendants state as follows:

---

[1] Elder, in his individual capacity, Gillespie, Mustapick, Elliss, Noe, and Ford will be referred to collectively as the "Individual County Defendants."

**D.C.COLO.LCivR 7.1**

Undersigned counsel conferred with counsel for Plaintiff Darlene Griffith ("Plaintiff") regarding this Motion via phone on June 27, 2022. Plaintiff opposes this Motion.

## I. INTRODUCTION

Plaintiff filed her Third Amended Complaint (Doc. 124) on June 7, 2022, asserting claim under the Fourth and Fourteenth Amendments to the United States Constitution against the Individual County Defendants. The Individual County Defendants filed a Motion to Dismiss Plaintiff's Third Amended Complaint (Doc. 132) asserting qualified immunity and request a stay pending resolution of their Motion to Dismiss.

## II. STANDARD OF REVIEW

The Court has broad discretion to stay proceedings inherent in its power to control its own docket. *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997). "The decision to issue a protective order and thereby stay discovery rests within the sound discretion of the trial court." *First Am. Mort., Inc. v. First Home Builders of Florida*, 10-CV-00824-REB-MEH, 2011 WL 1482942, at *1 (D. Colo. April 19, 2011). "Such protection is warranted upon a showing of good cause, to 'protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Id.* (quoting Fed. R. Civ. P. 26(c)). A "stay may be appropriate if 'resolution of a preliminary motion may dispose of the entire action.'" *Id.* (quoting *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003)); *see also Eggert ex rel. Eggert v. Chaffee County*, 10-CV-01320-CMA-KMT, 2010 WL 3359613, at *2 (D. Colo. August 25, 2010).

2

### III.  **ARGUMENT**

### A.  Staying Discovery Pending the Resolution of the Motion to Dismiss is Warranted Because Qualified Immunity is Asserted

The Court must stay all discovery pending resolution of the Motion to Dismiss because the Individual County Defendant assert qualified immunity.

Questions of immunity should be resolved at the earliest possible stage in order to "spare a defendant not only from unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit." *Siegert v. Gilley*, 500 U.S. 226, 232 (1991); *see also Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) ("Until this threshold immunity question is resolved, discovery should not be allowed."). Immunity is, after all, immunity from suit, not a mere defense to liability. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Thus, allowing discovery to proceed while questions of immunity are being resolved deprives a defendant of the benefit of immunity by unnecessarily imposing upon that defendant the demands of litigation. *Id*.

Here, the Motion to Dismiss seeks to resolve threshold questions of qualified immunity at the earliest possible stage in this lawsuit.  The Tenth Circuit and courts in this District recognize the undue burden premature discovery imposes upon governmental entities and their employees, and routinely issue and affirm stays of discovery when a single basis for immunity is asserted. *See Moore v. Busby*, 92 F. App'x 699, 702 (10th. Cir. 2004) (affirming trial court's stay of discovery pending resolution of absolute immunity question); *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004) (providing that pretrial matters such as discovery are to be avoided, if possible, when qualified immunity is asserted); *Cantrell v. Gdowski*, 13-CV-00679-PAB-KLM, 14 WL 2021818, at *3-4 (D.

3

Colo. May 16, 2014) (ordering stay of discovery pending resolution of motion for summary judgment on grounds of qualified immunity and immunity under the CGIA).

The Court should grant a complete stay of discovery. Where one defendant asserts a form of immunity entitling it to a stay, but others do not, the Supreme Court has determined that a stay of all discovery with respect to all parties was appropriate. *See Ashcroft v. Iqbal*, 556 U.S. 662, 684-85 (2009) (approving of stay of discovery as to all defendants when only some of the defendants asserted qualified immunity). The Supreme Court reasoned that, without a complete stay, the defendant who asserted immunity would inevitably be dragged back into the fray to monitor and participate in discovery thereby depriving that defendant of the benefit of immunity. *See id*. ("It is no answer to these concerns to say that discovery for the petitioners can be deferred while pretrial proceedings continue for other defendants.").

Based upon the foregoing, the Individual County Defendants will be subject to the inconveniences of litigation and deprived of the benefit of qualified immunity absent a complete stay of all discovery pending resolution of the Motion to Dismiss. Accordingly, the Court must grant this Motion to Stay.

**B.    The Balancing Test Used to Determine Discretionary Motions to Stay Discovery Also Favors a Stay of Discovery**

Courts also may weigh the following five (5) factors when assessing a motion to stay discovery: (1) the plaintiff's interest in expeditiously litigating this action and the potential to plaintiff of a delay; (2) the burden on the defendants; (3) the conveniences to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *String Cheese Incident, LLC v. Stylus Shows, Inc.*, 02-CV-01934-LTB-PAC, 2006

4

WL 894955, at *2 (D. Colo. Mar. 30, 2006). The *String Cheese* weigh in favor of the issuance of a stay of discovery pending resolution of the Motion to Dismiss.

First, the Individual Defendants concede that a stay will have some impact upon her interest in expeditious litigation, but that risk was assumed by Plaintiff when he chose to sue individual government actors under § 1983 and is outweighed by the other factors set forth below.

Second, as set forth above, the Individual County Defendants would be deprived of the benefit of qualified immunity if they are forced to partake in extensive discovery before this Court rules upon qualified immunity.

Third, permitting any discovery at this stage would result in a real risk of piecemeal discovery involving only some of the defendants on some issues inevitably leading to duplicative discovery and discovery disputes. Thus, it would be more efficient and convenient for this Court to stay all discovery as requested herein.

Fourth, the interests of persons not parties to this lawsuit will not be harmed by the requested stay. If only a partial stay of discovery is granted as to the Individual County Defendants, the parties may need to undergo a second round of discovery related to only the Individual County Defendants. This may result in third parties being subject to repetitive discovery, like deposition and requests for production of documents, because the issues pertaining to the Individual County Defendants are similar to, but not the same as, the other Defendants. Persons not parties to this lawsuit have an interest in not being burdened by unnecessary subpoenas, requests for production of documents and depositions.

Fifth, before the Individual County Defendants are forced to engage in protracted litigation and discovery activities, the Court should have an opportunity to vet Plaintiff's claims to conserve public resources and efficient functioning of government. Resolution of the Motion to Dismiss "will clarify and streamline the claims and the proper defendants for more precise and productive discovery—conserving judicial resources and furthering the public's interest in judicial economy." *Garcia v. Adams County,* No. 16-CV-1977-PAB-NYW, WL 951156, at *5 (D. Colo. Mar. 8, 2017).

Accordingly, the Court must grant this Motion to Stay because the *String Cheese* factors weigh in favor of the issuance of a stay of discovery.

### III. **CONCLUSION**

Based upon the foregoing, the Individual County Defendants respectfully request that this Court issue an order granting this motion, staying discovery pending ruling on the County Defendants' Motion to Dismiss.

Respectfully submitted this 7th Day of July, 2022.

By: s/ *Nathan J. Whitney*
Nathan J. Whitney, #39002
First Assistant County Attorney
Terry A. Sample, #33919
Senior Assistant County Attorney
Chris Strider, #33919
Assistant County Attorney
El Paso County Attorney's Office
200 S. Cascade Ave.
Colorado Springs, CO 80903
(719) 520-6485 (Main Office)
(719) 520-7264 (Office)
Email:
nathanwhitney@elpasoco.com
chrisstrider@elpasoco.com
terrysample@elpasoco.com

6

## CERTIFICATE OF SERVICE

      I hereby certify that on July 7, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will serve a copy on all CM/ECF participants, as follows:

Andy McNulty
Mari Newman
1543 Champa Street, Suite 400
Denver, CO 80202
(303) 571-1000
(303) 571-1001
amcnulty@kln-law.com


                              By:  s/ *Dee Lambert*
                                        Paralegal