IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-00387-NRN

DARLENE GRIFFITH

Plaintiff,

v.

EL PASO COUNTY, COLORADO,
BILL ELDER, in his individual and official capacities
CY GILLESPIE, in his individual capacity
ANDREW MUSTAPICK, in his individual capacity,
DAWNE ELLISS, in her individual capacity,
BRANDE FORD, in her individual capacity

Defendants.

**COUNTY DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY DISCOVERY**

COMES NOW, Defendants El Paso County, Bill Elder ("Elder"), Cy Gillespie ("Gillespie"), Andrew Mustapick ("Mustapick"), Dawne Elliss ("Elliss"), Tiffany Noe ("Noe") and Brande Ford ("Ford") (collectively "the County Defendants")[1], by and through their counsel, the County Attorney's Office, El Paso County, Colorado, submit their Reply in Support of Motion to Stay Discovery (Doc. 134) as follows:

**I.     INTRODUCTION**

Since the "driving force" behind qualified immunity is the resolution of insubstantial claims against government officials "*prior to discovery*, there is a strong policy justification

---

[1] Elder, in his individual capacity, Gillespie, Mustapick, Elliss, Noe, and Ford will be referred to collectively as the "Individual County Defendants."

for staying discovery and for refusing requests for additional discovery once a defendant invokes qualified immunity as a defense." *Martin v. Cnty. of Santa Fe*, 626 F. App'x 736, 740 (10th Cir. 2015) (unpublished) (emphasis in original, internal quotation and citation omitted). The same strong policy justification for staying discovery is present here, as all eight Individual Defendants invoked qualified immunity (*see* Motion to Dismiss, ECF 132). Moreover, Plaintiff's arguments against staying discovery run afoul of practical considerations of this Court's workload and the balance of the *String Cheese* factors as explained below. The Court should thus grant the Motion to Stay Discovery (ECF 134).

## II.     ARGUMENT

### A.     A Complete Stay of Discovery is Appropriate Under *Ashcroft v. Iqbal*

The overwhelming weight of authority favors a complete stay of discovery in this case. The Supreme Court and Tenth Circuit have recognized that questions of immunity should be resolved at the earliest possible stage to "spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit." *Siegert v. Gilley*, 500 U.S. 226, 232 (1991); *see also Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) ("Until this threshold immunity question is resolved, discovery should not be allowed."); *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004) (pretrial matters such as discovery are to be avoided, if possible, when qualified immunity is asserted). Allowing discovery to proceed while questions of immunity remain effectively deprives a defendant of the benefit of immunity. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

Consistent with these decisions, the Supreme Court explained in *Ashcroft v. Iqbal* that "[t]he basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including avoidance of disruptive discovery." 556 U.S. 662, 685-86 (2009) (quotation and citation omitted). The Court further stated that,

> [i]t is no answer to these concerns to say that discovery for petitioners can be deferred while pretrial proceedings continue for the other defendants. It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position.

*Id.*

Relying on *Iqbal*, Courts in this District have completely stayed discovery upon the assertion of qualified immunity through a motion to dismiss. *See, e.g.*, *Cook v. Whyde*, No. 20-cv-02912-PAB-STV, 2021 WL 981308 (D. Colo. Mar. 15, 2021) (unpublished) (Judge Brimmer upholding a complete stay of discovery and noting Magistrate Judge Varholak's oral ruling, he "noted that nearly all of the recent cases on this issue have held that discovery should be stayed for all defendants when the defense of qualified immunity has been pled, even if the defense is only available to some defendants, as here.'"). Judge Brimmer's ruling in *Cook* shows that *Ashcroft*'s holding is anything but dicta; it is controlling precedent.

Sparing the individual Defendants from the undue burdens of discovery at this stage in litigation is precisely why qualified immunity is a threshold issue that must be addressed before discovery commences. Of the eight Defendants named in Plaintiff's Third Amended Complaint, seven are sued in their individual capacities and are entitled to qualified immunity. This includes William Elder, the elected Sheriff of El Paso County,

3

Colorado, the largest county by population in the state. *See* State Demography Office, Colo. Dep't of Loc. Affs., https://demography.dola.colorado.gov/ (last visited July 26, 2022). Participating in discovery while the issue of qualified immunity is pending decision would unnecessarily drag Sheriff Elder away from the duties he was elected to perform.

Plaintiff's argument that a stay is inappropriate stems from *Rome v. Romero*, a decision from this Court addressing a motion to stay discovery that was not filed until the summary judgment stage of litigation. 225 F.R.D. 640 (D. Colo. 2004) (granting only a partial stay of discovery). Plaintiff's reliance on *Rome* and its progeny is unavailing because *Rome* pre-dates *Ashcroft* and *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (unpublished), and "provides little discussion of the sorts of prejudice concerns that are present here if discovery as to some but not all defendants" proceeds. *Cook*, 2021 WL 981308, at * 2. Indeed, unlike *Rome*, this case does not require any discovery to resolve the threshold question of qualified immunity raised through a Rule 12(b)(6) motion to dismiss.

### B.     The Court is Not Required to Take a "Preliminary Peek"

Plaintiff urges the Court to take a "preliminary peek" at the Motion to Dismiss to determine whether good cause exists to stay discovery. Courts in this District have, however, ruled that "no element of the *String Cheese* factors requires that this court make a preliminary determination as to the likelihood of success of either the dispositive motion or the ultimate merits of this case." *Sexton v. City of Colo. Springs*, No. 20-cv-00108-PAB-KMT, 2020 WL 1875146, at *4 (D. Colo. Apr. 15, 2020)

4

(unpublished) (quoting *Sanchez v. City & Cnty. of Denver*, No. 19-cv-02437-DDD-NYW, 2020 WL 924607, at *5 n.3 (D. Colo. Feb. 26, 2020) (unpublished)); *see also Estate of Thakuri v. City of Westminster*, No. 19-cv-02412-DDD-KLM, 2019 WL 6828306, at *2 (D. Colo. Dec. 12, 2019) (unpublished) (examining the merits of a plaintiff's claims on a motion to stay discovery "would essentially require adjudication of the dispositive motion at the same time, thus negating the entire purpose of the motion to stay…").

While advocating for a "preliminary peek," Plaintiff provides no explanation as to how such a peek will show an absence of "good cause." Indeed, ample cause exists for a stay because Plaintiff has failed to state a plausible constitutional violation against any Individual Defendant, nor can she show that the law was clearly established. Mot. to Dismiss, pp. 8-25.

### C. A Complete Stay of Discovery is Appropriate Applying the Five *String Cheese* Factors

Instead of taking a preliminary peek, the Court should apply the traditional *String Cheese* factors. The second, third, and fifth *String Cheese* factors favor staying discovery, notwithstanding Plaintiff's arguments to the contrary.[2] Concerning the second factor (the burden on the defendants), "'discovery generally should be avoided once qualified immunity is raised,' unless the plaintiff demonstrates 'how [such] discovery will

---

[2] The Individual County Defendants concede that the first *String Cheese* factor (Plaintiff's interest in expeditious litigation) likely favors Plaintiff. As for the fourth factor (the interests of persons not parties to the civil litigation), Plaintiff has not shown there are any non-parties "with significant, particularized interests" who would be affected by a stay of discovery. *Estate of Burnett v. City of Colorado Springs*, No. 21-cv-01708-WJM-KMT, 2022 WL 218630, at *3 (D. Colo. Jan. 25, 2022) (unpublished). *See* Pl's. Resp. 13-15. The remaining factors favor staying discovery as explained below.

raise a genuine fact issue as to the defendant['s] qualified immunity claim.'" *Thompson v. Williams*, No. 21-cv-00602-RM-KMT, 2021 WL 4748663, at *6 (D. Colo. Oct. 12, 2021) (unpublished) (quoting *Martin*, 626 F. App'x at 740).   Plaintiff makes no such demonstration in her Response.  Moreover, allowing even limited discovery to proceed "would effectively rob the individual Defendants of their qualified immunity defenses." *Estate of Burnett*, 2022 WL 218630, at *3.  This is especially true here because Plaintiff's claims under the Fourth and Fourteenth Amendments against the Individual County Defendants (which are subject to qualified immunity) are "inextricably intertwined" with Plaintiff's Fourth and Fourteenth Amendment claims against El Paso County (which are not subject to qualified immunity).  *Id.*, citing *Chapman v. Fed. Bureau of Prisons*, No. 15-cv-00279-WYD-KLM, 2015 WL 4574863, at *3 (D. Colo. July 30, 2015) (second factor favored staying discovery, even though qualified immunity only applied to some of plaintiff's claims, because "it would be difficult for the parties and the Court to distinguish between discovery related to the claims that may be subject to qualified immunity and those that are not").  The second *String Cheese* factor favors staying discovery.

The third *String Cheese* factor (court convenience) also favors staying discovery. Although Plaintiff asserts that proceeding with discovery would allow the Court to more efficiently manage its docket, Pl's. Resp. 13, this Court has found it is "certainly more convenient" to stay discovery "until it is clear which of Plaintiff's claims, if any, will move forward." *Estate of Burnett*, 2022 WL 218630, at *3; *see also Estate of Thakuri*, 2019 WL 6828306, at *3.  The Court should stay discovery until the qualified immunity issue is resolved.

6

Lastly, the fifth *String Cheese* factor (the public interest) favors staying discovery because doing so will ensure "the efficient and just handling of legal disputes." *Estate of Thakuri*, 2019 WL 6828306, at *3. As this Court explained, the public's interest in promptly resolving constitutional claims under § 1983 "is outweighed by several factors, including the possibility that unnecessary expenditures of public and private resources on litigation will be minimized, the *probability* that judicial resources will ultimately be conserved by addressing dispositive issues early in the litigation, and the *probability* that both judicial and attorney resources will be conserved by clarifying and resolving disputed legal issues at the earliest possible time." *Id.* (emphasis in original); *see also Estate of Burnett*, 2022 WL 218630, at *3 ("[T]he general public's primary interest in this case is an efficient and just resolution. Avoiding wasteful efforts by the court and the litigants serves that purpose."). The fifth *String Cheese* factor thus favors staying discovery, as do the second and third factors.

### III.   CONCLUSION

WHEREFORE, the Defendants respectfully request that the Court grant their Motion to Stay together with such other and further relief the Court deems just and proper.

Respectfully submitted this 26th day of July, 2022.

By: s/ *Nathan J. Whitney*
Nathan J. Whitney, #39002
First Assistant County Attorney
Terry A. Sample, #33919
Senior Assistant County Attorney
Chris Strider, #33919
Assistant County Attorney
El Paso County Attorney's Office

7

200 S. Cascade Ave.
Colorado Springs, CO 80903
(719) 520-6485 (Main Office)
(719) 520-7264 (Office)
Email:
nathanwhitney@elpasoco.com
chrisstrider@elpasoco.com
terrysample@elpasoco.com

Case No. 1:21-cv-00387-CMA-NRN   Document 140   filed 07/26/22   USDC Colorado
pg 8 of 9

## CERTIFICATE OF SERVICE

      I hereby certify that on July 26, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will serve a copy on all CM/ECF participants, as follows:

Andy McNulty
Mari Newman
1543 Champa Street, Suite 400
Denver, CO 80202
(303) 571-1000
(303) 571-1001
amcnulty@kln-law.com

                                            By:  s/ *Dee Lambert*
                                                   Paralegal