IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-00387-CMA-NRN

DARLENE GRIFFITH,

Plaintiff,

v.

EL PASO COUNTY, COLORADO,
BILL ELDER, in his individual and official capacities,
CY GILLESPIE, in his individual capacity,
ELIZABETH O'NEAL, in her individual capacity,
ANDREW MUSTAPICK, in his individual capacity,
DAWNE ELLISS, in her individual capacity,
TIFFANY NOE, in her individual capacity,
BRANDE FORD, in her individual capacity,

Defendants.

## ORDER ON
## DEFENDANTS' MOTION TO STAY DISCOVERY (Dkt. #134)

**N. REID NEUREITER**
**United States Magistrate Judge**

This case is before the Court pursuant to an Order (Dkt. #135) issued by Judge Christine M. Arguello referring Defendants El Paso County, Bill Elder, Cy Gillespie, Andrew Mustapick, Dawne Elliss, Tiffany Noe, and Brande Ford's (collectively "Defendants") Motion to Stay Discovery (Dkt. #134). Plaintiff Darlene Griffith filed a response (Dkt. #136) and Defendants filed a reply (Dkt. #140. The Court heard argument on the subject motion on October 11, 2022 (*see* Dkt. #161). The Court has carefully considered the motion. The Court has taken judicial notice of the Court's file and has considered the applicable Federal Rules of Civil Procedure and case law. The

Court now being fully informed makes the following findings of fact, conclusions of law, and order.

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. March 30, 2006) (unpublished). Federal Rule of Civil Procedure 26 does, however, provide that "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c). Moreover, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936) (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)). An order staying discovery is thus an appropriate exercise of this Court's discretion. *Id.*

A stay of all discovery is generally disfavored. *Bustos v. United States*, 257 F.R.D. 617, 623 (D. Colo. 2009). However, courts have routinely recognized that discovery may be inappropriate while issues of immunity or jurisdiction are being resolved. *See, e.g., Siegert v. Gilley*, 500 U.S. 226, 231-32 (1991) (noting that immunity is a threshold issue, and discovery should not be allowed while the issue is pending); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) (same). Similarly, a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action."

*Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003); *see Vivid Techs., Inc. v. Am. Science & Engineering, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."). The Supreme Court has established that evaluating the defense of qualified immunity is a threshold issue, and "[u]ntil this threshold immunity question is resolved, discovery should not be allowed." *Siegert v. Gilley*, 500 U.S. 226, 233 (1991) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) (same). However, the defense of qualified immunity "is not a bar to all discovery." *Rome v. Romero*, 225 F.R.D. 640, 643 (D. Colo. 2004) (noting that qualified immunity does not protect an official from all discovery, "but only from that which is 'broad-reaching'") (citing *Crawford-El v. Britton*, 523 U.S. 574, 593 at n.14). There are circumstances when discovery is permissible despite an assertion of qualified immunity. *See Rome*, 225 F.R.D. at 643. "[I]t is essential to recognize that because the defense of qualified immunity is limited to particular claims against particular individuals, the corresponding protection against burdensome discovery is also limited. The defense is available only to individual government officials, not governmental entities." *Estate of Saenz v. Bitterman*, No. 20-cv-00848-NRN, 2020 WL 6870565 at *2 (D. Colo., May 15, 2020) (denying stay of discovery where claims were made against government entity in addition to police officer who had invoked qualified immunity) (quoting *Rome*, 225 F.R.D. at 643). Discovery may also be permissible when the doctrine is asserted based on contested factual assertions. *Rome*, 225 F.R.D. at 644; *see also Martin v. Cnty. of Santa Fe*, 626 Fed. Appx. 736, 740 (10th Cir. 2015) (explaining that "discovery generally should be

3

avoided once qualified immunity is raised," unless the plaintiff demonstrates "how [such] discovery will raise a genuine fact issue as to the defendants' qualified immunity claim." (*quoting Cole v. Ruidoso Mun. Sch.*, 43 F.3d 1373, 1387 (10th Cir. 1994)).

When considering a stay of discovery, this Court has considered the following factors: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the Court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *See String Cheese Incident*, 2006 WL 894955, at *2.

Here, Defendants seeks to stay all future discovery pending resolution of their Motion to Dismiss Third Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and (6) (Dkt. #132). Defendants contend that a stay of discovery should be ordered based on their pending motion which argues, among other things, that Defendants Elder, Gillespie, Mustapick, Elliss, Noe, and Ford are entitled to qualified immunity (*id.* at 23–25). They further argue that the *String Cheese* factors favor a stay.

As stated above, Defendants Elder, Gillespie, Mustapick, Elliss, Noe, and Ford raise qualified immunity as a defense in their pending motion to dismiss. Although the case has been pending some time, it is still in the early stages of litigation; Defendants' dispositive motion was filed less than a month after the operative Third Amended Complaint was filed. The motion to dismiss could fully dispose of Ms. Griffith's claims without further engaging in the discovery process. A balance of the above factors favors a stay in this matter. Most significantly, the Court finds that the interest of Ms. Griffith to proceed expeditiously is outweighed by the burden on Defendants of having to participate in discovery while a motion that argues that they are immune to suit is

4

pending. The Court also notes that the Motion to Dismiss has been fully briefed and argued, and it expects to issue a Report and Recommendation in the relatively near future.

Further, while the Court typically discourages stays of discovery, the Court acknowledges the efficiency and fairness of delaying the proceedings pending resolution of a dispositive motion that could resolve this matter in its entirety. *See Harris v. United States*, No. 09-cv-02658-PAB-KLM, 2010 WL 1687915, at *1 (D. Colo. Apr. 27, 2010) ("[n]either [the Court's] nor the parties' time is well-served by being involved in the 'struggle over the substance of the suit' when, as here, a dispositive motion is pending.") (citations omitted). Moreover, a stay of all discovery, including discovery related to Defendant El Paso County, is warranted. Proceeding with discovery on Plaintiff's municipal liability claim would likely mean the individual Defendants would have to sit for depositions or answer written discovery. This would both effectively deprive them the benefit of immunity and result in a risk of piecemeal discovery. The Court agrees with it would be more efficient and convenient to stay all discovery.

Finally, the Court finds that the interests of non-parties and the public interest do not greatly favor one side.

WHEREFORE, for the foregoing reasons, it is hereby

ORDERED that Defendants' Motion to Stay Discovery (Dkt. #134) is GRANTED. Discovery is STAYED pending the undersigned's issuance of a Report and Recommendation on Defendants' Motion to Dismiss Third Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and (6) (Dkt. #132), after which the Court will

reassess whether it is appropriate to lift the stay and proceed with discovery.

                                                BY THE COURT

Date:  November 2, 2022
       Denver, Colorado                                N. Reid Neureiter
                                                United States Magistrate Judge